# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 26

**OCTOBER TERM, A.D. 2012**

**March 6, 2013**

STATE OF WYOMING, ex rel., WYOMING
WORKERS' SAFETY AND COMPENSATION
DIVISION,

Appellant
(Petitioner),

v.

TIMOTHY SMITH,

Appellee
(Respondent).

No. S-12-0169

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*

*Gregory A. Phillips, Attorney General; John D. Rossetti, Deputy Attorney General; Michael J. Finn, Senior Assistant Attorney General; Kelly Roseberry, Assistant Attorney General; Amy M. Taheri, Special Assistant Attorney General.*

*Representing Appellee:*

*Robert A. Nicholas, Nicholas Law Office, Cheyenne, Wyoming.*

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Justice.**

[¶1]    Appellant, Wyoming Workers' Safety and Compensation Division, challenges an order from the Office of Administrative Hearings awarding additional temporary total disability (TTD) benefits to Appellee, Timothy Smith.  The Division contends the award exceeded the maximum period for which an injured worker may receive temporary total disability benefits.  We agree and reverse.

## *ISSUE*

[¶2]    The Division presents a single issue:

> Smith sustained a compensable neck injury and, despite four separate surgeries to address it, never returned to work.  The Division paid Smith Temporary Total Disability benefits for thirty-six months—the maximum period allowed by Wyo. Stat. Ann. § 27-14-404(a) and the Division's Rules.   The OAH found that each of Smith's four separate surgeries was a second compensable injury, extending the amount of time the Division could pay TTD benefits. Do Wyo. Stat. Ann. § 27-14-404(a) and the Division's Rules limit TTD benefits to a cumulative maximum of thirty-six  months  for  injuries resulting from any one incident or accident regardless of the second compensable injury rule?

Mr. Smith phrases the issue as follows:

> Does a second compensable injury restart the limitation period for paying temporary total disability benefits under W.S. 27-14-404(a)?

## *FACTS*

[¶3]    The facts in this case are not in dispute.  Mr. Smith originally injured his neck in 2001.  He was diagnosed with a C5-6 disk herniation, underwent fusion surgery, and returned to work after a period of recovery.[1]   Subsequently, in February, 2006, while working as a mechanic for Wyoming Machinery in Casper, Mr. Smith fell backwards and reinjured his neck.   As a result of this incident, Mr. Smith's treating physician, Dr. Clayton Turner, completed a temporary total disability form certifying that Mr. Smith

---

[1] There is no indication in the record that Mr. Smith's 2001 injury was work-related.

was temporarily disabled from returning to any gainful employment starting on March 30, 2006.

[¶4]    Over the next four years, Mr. Smith underwent a series of surgeries on his cervical spine. In May, 2006, Dr. Turner performed an anterior cervical diskectomy and fusion at the C6-7 level and removed a plate from the C5-6 level that had been placed there during the 2001 fusion surgery. In February, 2007, a CT scan of Mr. Smith's neck revealed that the C6-7 fusion had not healed. Consequently, Dr. Turner performed a repeat anterior cervical fusion surgery at the C6-7 level in May, 2007. That surgery also failed to achieve a solid fusion. As a result, Dr. Turner conducted a third surgery in February, 2008, in which he inserted a bone graft at the C6-7 level. Mr. Smith continued to experience neck pain after the third procedure, and Dr. Turner continued to certify that Mr. Smith was temporarily totally disabled. During the period from March, 2006 through March, 2009, Dr. Turner certified Mr. Smith's temporary total disability in twenty-five successive one- and two-month periods. Based on these certifications, the Division paid Mr. Smith TTD benefits continuously for thirty-six months.

[¶5]    In the summer of 2009, Mr. Smith began experiencing left shoulder and arm pain in association with his neck pain. In December, he received a nerve root block at the C5 level that temporarily alleviated his shoulder and arm pain. Based on the results of the nerve block, Dr. Turner proposed surgery to alleviate the shoulder and upper arm pain. Dr. Turner performed an anterior diskectomy and fusion at the C4-5 level in February, 2010.

[¶6]    Mr. Smith sought additional TTD benefits for the treatment period from March, 2009 to the February, 2010 surgery, and after the February, 2010 surgery. The Division issued a Final Determination denying payment of additional TTD benefits for this period, noting that Wyo. Stat. Ann. § 27-14-404(a) limits the amount of time for which TTD benefits may be received by an injured worker. The Division stated that "we do not approve the payment of temporary total disability benefits after March 30, 2009, as you have received thirty six (36) months of temporary total disability for your cervical spine work injury of February 28, 2006." Mr. Smith objected to the Division's Final Determination, and the matter was referred to the Office of Administrative Hearings for a contested case hearing.

[¶7]    Both parties filed motions for summary judgment. The OAH determined that Mr. Smith was entitled to additional TTD benefits and granted Mr. Smith's motion. It reasoned that Mr. Smith's shoulder and arm pain constituted a "second compensable injury," and that a second compensable injury results in a new injury date which resets the period for which TTD benefits may be received under Wyo. Stat. Ann. § 27-14-404(a). In making this determination, the OAH stated:

It should be noted the second compensable injury rule was

created by the court and is not found in the statutes. The statutes require a timely filing of a Report of Injury for any work injury, yet this provision has not been required in second compensable injury cases. It follows that other statutory requirements also do not apply in second compensable injury cases. This Office finds a second compensable injury is a new injury and an employee is entitled to TTD benefits for the second compensable injury. This Office also finds the limitation of TTD benefits in the statute and the rule applies to the original injury and an employee is entitled to additional TTD benefits in excess of 36 months if there is a new and subsequent injury.

[¶8]    After receiving the OAH's order, the Division filed a petition for review in district court. That case was assigned as Civil Action No. 92410. The Division also issued a second Final Determination which concluded that Mr. Smith had no actual monthly earnings at the time of each of his successive surgeries. As a result, the Division set the rate of pay for Mr. Smith's temporary total disability benefit at zero. Mr. Smith objected to the Division's determination, and that matter was also referred to the OAH. The parties again filed cross motions for summary judgment, and the OAH granted summary judgment in favor of Mr. Smith. The Division filed a second petition for review in district court, and that case was assigned as Civil Action No. 93091. The district court subsequently consolidated the appeals on the Division's motion. The district court affirmed both of the OAH's orders granting summary judgment to Mr. Smith. The Division filed a timely appeal. On appeal, the Division challenges only the OAH's initial order finding Mr. Smith eligible for additional TTD benefits.

## STANDARD OF REVIEW

[¶9]    The issue presented in this case is one of statutory interpretation. Statutory interpretation raises questions of law, which we review *de novo*. *Wyoming Dep't of Envtl. Quality v. Wyoming Outdoor Council*, 2012 WY 135, ¶ 8, 286 P.3d 1045, 1048 (Wyo. 2012).

> The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are questions of law over which our review authority is plenary. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law.

3

*State ex rel. Wyo. Workers' Safety & Comp. Div. v. Singer*, 2011 WY 57, ¶ 5, 248 P.3d 1155, 1157 (Wyo. 2011) (quoting *Ball v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2010 WY 128, ¶ 18, 239 P.3d 621, 627 (Wyo. 2010)). We review the district court's decision as if it had come directly from the administrative agency. *Anderson v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2010 WY 157, ¶ 7, 245 P.3d 263, 266 (Wyo. 2010).

## *DISCUSSION*

[¶10] The Wyoming Worker's Compensation Act provides for the award of TTD benefits to an injured worker. The purpose of a TTD award is "to provide income for an employee during the time of healing from his injury and until his condition has stabilized." *Phillips v. TIC-The Industrial Co. of Wyoming, Inc. (In re Phillips)*, 2005 WY 40, ¶ 27, 109 P.3d 520, 532 (Wyo. 2005). A "temporary total disability" is defined under the Act as follows:

> "Temporary total disability" means that period of time an employee is temporarily and totally incapacitated from performing employment at any gainful employment or occupation for which he is reasonably suited by experience or training. The period of temporary total disability terminates at the time the employee completely recovers or qualifies for benefits under W.S. 27-14-405 [governing permanent partial disability] or 27-14-406 [governing permanent total disability].

Wyo. Stat. Ann. § 27-14-102(a)(xviii) (LexisNexis 2011).

[¶11] Wyo. Stat. Ann. § 27-14-404 establishes a limitation on the amount of time that an injured worker may receive TTD benefits. The statute provides, in relevant part, as follows:

> **§ 27-14-404. Temporary total disability; benefits; determination of eligibility; exceptions for volunteers or prisoners; period of certification limited; temporary light duty employment.**
>
> (a) If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. 27-14-102(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided

4

by W.S. 27-14-403(c). ***The period for receiving a temporary total disability award under this section for injuries resulting from any one (1) incident or accident shall not exceed a cumulative period of twenty-four (24) months, except that the division pursuant to its rules and regulations and in its discretion may in the event of extraordinary circumstances award additional temporary total disability benefits.*** The division's decision to grant such additional benefits shall be reviewable by a hearing examiner only for an abuse of discretion by the division.

(Emphasis added.) As authorized under this statute, the Division has issued rules and regulations relating to the receipt of additional TTD benefits in extraordinary circumstances. According to those rules, an award of additional TTD benefits shall not exceed twelve months:

> (b) Limitation on Period of Temporary Total Disability (TTD); Extraordinary Circumstance.
>
> > ***(i) The period for receiving a TTD award under W.S. § 27-14-404 resulting from a single incident, accident, or period of cumulative trauma or exposure shall not exceed a cumulative period of 24 months***, except that the Division, in its discretion, may award additional TTD benefits if the claimant establishes by clear and convincing evidence that the claimant:
> >
> > > (A) remains totally disabled, due solely to a work-related injury;
> > >
> > > (B) has not recovered to the extent that he or she can return to gainful employment;
> > >
> > > (C) reasonably expects to return to gainful employment within 12 months following the date of the first TTD claim occurring after the expiration of the 24-month period;
> > >
> > > (D) does not have an ascertainable loss which would qualify for benefits under W.S. §§ 27-14-405 or 406; and,
> > >
> > > (E) has taken all reasonable measures to

5

> facilitate recovery, including compliance with the recommendations of the treating physician.
>
> ***(ii) No awards of additional TTD benefits pursuant to subsection (i) of this section shall exceed 12 cumulative calendar months.***

Rules, Regulations and Fee Schedules of the Wyoming Workers' Safety and Compensation Division, ch. 7, § 2(b)(i)-(ii) (emphasis added). Both parties contend that Wyo. Stat. Ann. § 27-14-404(a) is unambiguous. When a statute is unambiguous, we give effect to the plain language of the statute. *Stallman v. State ex rel. Wyo. Workers' Safety & Comp. Div. (In re Stallman)*, 2012 WY 147, ¶ 14, 288 P.3d 707, 712 (Wyo. 2012).

[¶12] It is undisputed that Mr. Smith was injured when he fell at work in February, 2006. The Division contends that all of Mr. Smith's claims for TTD benefits arise from that accident. Accordingly, the Division asserts that, because the limitation on receipt of TTD benefits applies to all "injuries" resulting from "any one (1) incident or accident," Mr. Smith is entitled to TTD benefits for a maximum of thirty-six months, including the twenty-four months authorized under Section 404(a), and an additional twelve months allowed in extraordinary circumstances by Division rules. Because the Division paid TTD benefits to Mr. Smith for thirty-six months, from March, 2006 to March, 2009, it asserts that he is not entitled to any additional TTD benefits as a result of his workplace accident.

[¶13] Mr. Smith contends that the Division's position "conflicts with the second compensable injury rule." Claiming that each of his unsuccessful surgeries gave rise to a "second compensable injury," he asserts that the "statutory time restriction set forth in W.S. § 27-14-404(a) necessarily starts anew after the unanticipated second surgery is performed because the second surgery was treating a new injury from a separate occurrence." We do not agree.

[¶14] The limitation on receipt of TTD benefits set forth in Section 404(a) applies to "injuries resulting from any one (1) incident or accident." This phrasing is consistent with the notion, previously expressed by this Court, that "a single incident at work can give rise to more than one compensable injury." *In re Worker's Comp. Claim of Kaczmarek ex rel. Wyo. Workers' Safety*, 2009 WY 110, ¶ 9, 215 P.3d 277, 281 (Wyo. 2009). The distinction between the terms "injury" and "accident" inherent in the principle that multiple injuries may arise from a single workplace accident is further confirmed in our precedent. In *In re Barnes*, 587 P.2d 214, 218 (Wyo. 1978), we stated that "the term 'injury', as used in the Worker's Compensation Law, means compensable injury and is not used in the sense of the occurrence of an industrial accident giving rise to or causing the compensable injury." By using the term "injuries," in the plural form,

Section 404(a) anticipates that multiple injuries may arise from a single workplace accident. The statute clearly provides, however, that awards of TTD benefits for all such injuries resulting from "any one (1) incident or accident" are subject to the "cumulative period" set forth in the statute.

[¶15] In order to receive worker's compensation benefits, a claimant has the burden of proving a causal connection between the work-related injury and the injury for which benefits are sought. *Davenport v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2012 WY 6, ¶ 22, 268 P.3d 1038, 1044 (Wyo. 2012). The second compensable injury rule applies when "an initial compensable injury ripens into a condition requiring additional medical intervention." *Id.*, ¶ 21, 268 P.3d at 1044. We have explained that the second compensable injury rule is "not a court-created benefit or remedy," but rather "an expression of this Court's interpretation of the causal link required between an employee's work and original work injury and any related and subsequently developed injury or condition." *Ball*, ¶¶ 25-26, 239 P.3d at 628-29. The original work injury occurred in this case in February, 2006.

[¶16] Mr. Smith relies on the following language from our decision in *Casper Oil Co. v. Evenson*, 888 P.2d 221, 226 (Wyo. 1995) to support his claim that a second compensable injury restarts the maximum period for which temporary total disability benefits may be received under Wyo. Stat. Ann. § 27-14-404(a):

> The phrase "if after a compensable injury" is important to our analysis. Wyo. Stat. § 27-14-404(a). The phrase neither creates nor is subject to any time limitations. The statute simply requires that the temporary disability be the result of a compensable injury. The statute does not require that the temporary disability come about as a result of the *first* compensable injury, or the *original* compensable injury, but simply that the temporary disability be caused by *a* compensable injury. The statute in no way limits the award of temporary total disability benefits for a *second* compensable injury to a certain period of time following the first or original compensable injury.

(Emphasis in original.) Our decision in that case, however, did not address the maximum period for which TTD benefits may be received under Section 404(a). In fact, at that time, the second sentence of Section 404(a), setting forth the maximum period for receipt of TTD benefits, did not appear in the statute. The twenty-four month limitation on receipt of TTD benefits was added to the statute in 1996, the year following our decision in *Casper Oil Co. v. Evenson*. 1996 Wyo. Sess. Laws ch. 82, § 1. In contrast to the present case, the issue in *Casper Oil* was whether the claimant's "1993 fusion surgery was linked to his initial back injury in 1989 and was, therefore, a subsequent

7

compensable injury for which the hearing examiner could properly award medical benefits and temporary total disability benefits." *Id.* at 224. When the quoted language is placed in the appropriate context, it is clear that the decision held that the statute did not restrict eligibility for receipt of TTD benefits to second compensable injuries arising within a certain time following the original injury. In this case, the Division does not contend that Mr. Smith is not entitled to receive benefits for a second compensable injury. It simply asserts that additional TTD benefits cannot be awarded because Mr. Smith has already received the maximum benefits allowable. Our holding in *Casper Oil* has no bearing on the present case. Mr. Smith's reliance on the second compensable injury rule is misplaced.

[¶17] In sum, we find Wyo. Stat. Ann. § 27-14-404(a) and the Division's rules to be unambiguous. Receipt of temporary total disability benefits is limited to a maximum period of thirty-six months, which includes twenty-four months authorized under Section 404(a) and an additional twelve months allowed in extraordinary circumstances pursuant to Division rules. Under the plain language of the statute, this limitation applies to all "injuries" resulting from "any one (1) incident or accident," encompassing situations in which the claimant receives multiple injuries simultaneously or a subsequent compensable injury as the result of a single workplace accident. Because the Division awarded TTD benefits to Mr. Smith for a period of thirty-six months as a result of a single workplace accident, he is not entitled to receive additional TTD benefits.

[¶18] Reversed and remanded for entry of an order consistent with this opinion.