2011 WY 154

**Steven A. DELOGE, Appellant (Petitioner/Claimant),**

v.

**STATE of Wyoming ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

**No. S–11–0072.**

Supreme Court of Wyoming.

Nov. 9, 2011.

Representing Appellant: Vaughn H. Neubauer of Laramie, Wyoming.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; James M. Causey, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The appellant, Steven DeLoge, appeals the district court's decision affirming the conclusion of the Office of Administrative Hearings (OAH) that the appellant's injuries were the result of illegal activity and were therefore not compensable under the Wyoming Worker's Compensation Act. We affirm.

## ISSUE

[¶ 2] Were the appellant's injuries the result of "illegal activity" under Wyo. Stat. Ann. § 27–14–102(a)(xi)(E) (LexisNexis 2011), therefore precluding the appellant from recovering workers' compensation benefits?

## FACTS

[¶ 3] The parties stipulated to the following facts: The appellant, an inmate in the Wyoming State Penitentiary, was working in the kitchen at the time of his injury. He and another inmate, Scott Bronson, began arguing verbally and the appellant was injured when Bronson struck the appellant in the face with his head. The appellant did not touch or assault Bronson in the course of this exchange. After the incident, Bronson was interviewed. The relevant portions of that interview are as follows:

During his interview, Bronson advised that [the appellant] told the Kitchen Supervisor that one of the inmates did not properly clean the bread slicing machine. Accord-

ing to Bronson, he went to the special diet area, where [the appellant] worked, to talk to him about it. Bronson said he told [the appellant] that it wasn't right for him to talk to the supervisor, but instead he should have gone to one of the inmates, after which [the appellant] said that he didn't know what he was talking about. Bronson stated that [the appellant] told him to "Get the [expletive] out of here." Bronson went on to say that they exchanged a few more words, and then he turned to leave when [the appellant] said, "and stay the [expletive] over there." Bronson turned back around and responded by saying to [the appellant] essentially, "Why don't you make me stay out of here." *By this point they were in each others [sic] faces and he told [the appellant] to get out of his face. Bronson stated, "he didn't, so I head-butted him."* Bronson continued by saying that he didn't mean to break [the appellant's] nose, but only meant to get him out of his face.

(Emphasis added.) Although subjected to inmate disciplinary proceedings, Bronson was not charged criminally.

[¶ 4] The appellant filed a workers' compensation claim based on injuries sustained in the altercation. Citing Wyo. Stat. Ann. § 27–14–102(a)(xi)(E), the Wyoming Workers' Safety and Compensation Division (Division) denied the claim on the ground that his injuries were the result of illegal activities. After a hearing requested by the appellant, the OAH found that the appellant's injuries were "the result of an intentional head-butt which is clearly a violation of Wyo. Stat. Ann. § 6–2–501(b) [ (LexisNexis 2007) ]" and denied workers' compensation benefits by granting the Division's cross-motion for summary judgment. The district court concluded that the OAH did not err in denying the appellant benefits. The appellant appeals that decision.

### STANDARD OF REVIEW

■■■ [¶ 5] No special deference is given to the district court's decision; this Court reviews the case as if it had come directly from the OAH. *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo.

2008). A grant of summary judgment is reviewed *de novo* using the same standards employed by the administrative agency. *Id.* at ¶ 26, at 562.

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

W.R.C.P. 56(c). The record is reviewed in the light most favorable to the party opposing the motion, here the appellant. *Cathcart v. State Farm Mut. Auto. Ins. Co.,* 2005 WY 154, ¶ 11, 123 P.3d 579, 586 (Wyo.2005).

### DISCUSSION

■■■ [¶ 6] The appellant argues that no illegal activity took place in the encounter between Bronson and himself, and therefore his injury is not excluded from workers' compensation coverage by Wyo. Stat. Ann. § 27–14–102(a)(xi)(E). This statute operates to deny compensability for injuries "sustained by the prisoner during or any harm resulting from any illegal activity engaged in by prisoners held under custody." Wyo. Stat. Ann. § 27–14–102(a)(xi)(E). According to the appellant, the facts surrounding the incident suggest nothing more than that Bronson's head happened to make contact with the appellant's face in the course of an argument and that there is no evidence that Bronson actually intended to touch the appellant. He claims that, "[a]t no time did inmate Bronson clarify whether or not the bump of heads occurred due to an intentional act of his own volition, an accident, or a sudden geologic shift in the surface of the earth which caused his head to contact [the appellant's]."

[¶ 7] The appellant's argument disregards the language of the pertinent statute and the facts as stipulated. The appellant's entitlement to workers' compensation benefits depends on whether his injury arose from illegal activity. At the time of the incident, criminal battery was defined as follows:

(b) A person is guilty of battery if he unlawfully touches another in a rude, insolent or angry manner or intentionally, knowingly or recklessly causes bodily injury to another.

Wyo. Stat. Ann. § 6–2–501(b) (LexisNexis 2007)[1]. We need not consider whether Bronson "intentionally, knowingly or recklessly cause[d] bodily injury to" the appellant, because the stipulated facts clearly show that Bronson "unlawfully touche[d] [the appellant] in a rude, insolent or angry manner." During an argument, Bronson head-butted the appellant "to get him out of [my] face." Bronson's admission of his intent leaves little room for speculation as to the possible involvement of tectonic plate activity. This appeal borders on the frivolous.

## CONCLUSION

[¶ 8] The appellant was injured in the course of an argument that ended with a fellow inmate head-butting him, causing injuries to his nose and neck. Because this head-butt was a battery under the criminal statute then existing, and therefore an illegal activity, the appellant is not eligible for workers' compensation benefits. We affirm.

---

1. The incident between the appellant and Mr. Bronson occurred before this statute was amended in 2009, and the analysis in this opinion may not necessarily apply under the present version of the statute.