# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 138

OCTOBER TERM, A.D. 2013

November 4, 2013

IN THE MATTER OF THE WORKER'S
COMPENSATION CLAIM OF:

JOSEPH A. SCHWAB,

Appellant
(Respondent),

v.                                                          S-13-0057

JTL GROUP, INC., d/b/a KNIFE RIVER,

Appellee
(Petitioner).

*Appeal from the District Court of Natrona County*
*The Honorable David B. Park, Judge*

*Representing Appellant:*
    Jeff S. Meyer, Murane & Bostwick, LLC, Casper, Wyoming.

*Representing Appellee:*
    John M. Kuker, The Kuker Group LLP, Cheyenne, Wyoming.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**VOIGT, Justice.**

[¶1]    The appellant sought worker's compensation benefits for a low back injury sustained during the course of his employment. The Wyoming Workers' Safety and Compensation Division (Division) at first denied the claim, but subsequently issued a redetermination finding the injury to be compensable and awarding benefits. The redetermination advised the parties they had fifteen days from the time of mailing to object and request a hearing with the Office of Administrative Hearings (OAH). The employer, however, did not file an objection until four days after the deadline had expired. Based upon the employer's untimely objection, the OAH granted the appellant's summary judgment motion without holding a contested case hearing, determining the undisputed facts established the employer failed timely to file its objection and request for hearing. The district court reversed and remanded the case to the OAH for further proceedings, finding genuine issues of material fact existed regarding the employer's ability to avoid strict application of the objection deadline. The appellant now appeals to this Court, challenging the order of the district court. Although the district court's order reversing and remanding to the OAH for further proceedings is not an appealable order pursuant to W.R.A.P. 1.05, we will consider the merits of the case by converting the appeal to a petition for writ of review. We reverse and reinstate the OAH decision.

## ISSUE

[¶2]    Did the OAH err by granting summary judgment in favor of the appellant due to the employer's untimely objection to a redetermination issued by the Wyoming Workers' Compensation and Safety Division?

## FACTS

[¶3]    After sustaining a low back injury on the job, the appellant submitted a Wyoming Report of Injury to the Division on September 14, 2011. Lacking information, the Division issued an Initial Review: Notice of Lack of Information notifying the appellant, *inter alia*, that the Division needed the Report of Injury to be signed by the employer and additional information was required concerning the claimed injury. The employer completed the requested information and objected to the appellant's claim for worker's compensation benefits. The employer also submitted a separate letter objecting to the claim.

[¶4]    The Division issued a Final Determination on October 19, 2011, denying the appellant's claim and payment of benefits for several reasons, including that the Division had received no objective medical documentation substantiating the injury. The Final Determination provided notice to the parties that either could object and request a hearing, but that they had fifteen days to do so. The appellant timely objected to the Final Determination and requested a hearing.

[¶5] On December 1, 2011, pursuant to Wyo. Stat. Ann. § 27-14-601(k)(vi) (LexisNexis 2013), the Division issued a Redetermination, advising the parties that the Division "either received additional information or re-reviewed the original information regarding [the appellant's] claim and has determined that [it] can now approve payment of benefits for [the appellant's] low back injury . . . ." Importantly, the Redetermination advised that either party could object and request a hearing. In accordance with Wyo. Stat. Ann. § 27-14-601(k)(iv), the Redetermination required any objection to be made within fifteen days from the date the Redetermination was mailed by the Division. Otherwise, the Redetermination would not be subject to further administrative or judicial review, consistent with Wyo. Stat. Ann, § 27-14-601(k)(vi).[1] Specifically, the Redetermination states:

> Either the injured worker or the employer may object to this determination and request a hearing. Affected parties have a right to a hearing before a hearing examiner as provided by the Wyoming Worker's Compensation Act and to legal representation. The Division must receive a written request for hearing on or before **December 16, 2011**. If a timely written request is not filed with the Division, this Redetermination shall not be subject to further administrative or judicial review.

(Emphasis in original.) The appellant timely responded to the Redetermination stating his agreement, which was received by the Division on December 6, 2011. The employer, however, failed to respond within the required timeframe.

[¶6] On December 8, 2011, the employer called the Division to discuss the Redetermination. During this call, the employer advised the Division it wanted further information regarding the change of position before objecting to the new findings. According to the employer, the Division's claims analyst said he needed to speak with his boss at the Division to answer the employer's questions about additional information. The Division, on the other hand, provided testimony that, during this call, the employer's representative advised that he needed to speak with his boss to determine whether the employer wanted to file an objection and request a hearing. There is no dispute,

---

[1] Wyo. Stat. Ann. § 27-14-601(k)(vi) states:

> If timely written request for hearing is not filed, the final determination by the division pursuant to this subsection shall not be subject to further administrative or judicial review, provided however that, in its own discretion, the division may, whenever benefits have been denied to a worker, make a redetermination within one (1) year after the date of an original determination regardless of whether or not a party has filed a timely appeal pursuant to paragraph (iv) of this subsection.

however, that during this conversation the Division did not inform the employer that the Division would waive the deadline to file an objection, or that it would accept and process a later filed objection. The parties did not communicate with one another until after the deadline of December 16, 2011, had passed.

[¶7]  On December 20, 2011, the employer and the Division had a second conversation, during which the Division provided further details for the Redetermination. Although the deadline had passed, the Division told the employer during this conversation that there would be no issue with submitting an untimely objection. Later that day, the employer submitted its written objection to the Division. On December 28, 2011, the matter was referred to the OAH pursuant to Wyo. Stat. Ann. § 27-14-601(k)(v) and a contested case hearing was scheduled. Before the hearing took place, however, the appellant filed a motion for summary judgment based upon the employer's untimely objection to the Redetermination. The OAH granted summary judgment in favor of the appellant based upon the employer's failure timely to object to the Redetermination. Specifically, it determined:

> This Hearing Examiner finds and concludes the evidence presented established that the Division issued a Redetermination on December 1, 2011, indicating they had received additional information or re-reviewed the original information regarding [the appellant's] claim and found [the appellant] was entitled to benefits for his September 7, 2011, injury. The Redetermination specifically advised that either party may file a written objection and that the written objection must be received on or before **December 16, 2011**. (Emphasis in original). [The employer] did not submit its letter objecting to the December 1, 2011, Redetermination until December 20, 2011. This hearing examiner finds and concludes [the employer's] objection was not timely. Pursuant to Wyo. Stat. Ann. § 27-14-601(k)(vi), the Division's Redetermination on compensability is not subject to further administrative or judicial review.

The employer then appealed to the district court.

[¶8]  The district court reversed and remanded the case back to the OAH for further proceedings, finding there were genuine issues of material fact as to whether the Division waived the deadline set in the Redetermination for the employer to file an objection and request a hearing. As a result, the district court concluded that based upon disputed material facts

> the issue of whether [the Division] waived the deadline for filing an objection could possibly establish a defense that

3

[the employer] is asserting, making summary judgment inappropriate. The Wyoming Supreme Court has held that equitable estoppel can be applied in cases where a person relies on statements made by a representative of a government agency in worker's compensation cases.

[¶9]   Rather than pursuing his case before the OAH on remand, the appellant filed a notice of appeal with this Court, challenging the district court's order.

## STANDARD OF REVIEW

[¶10] In an appeal from a district court's review of an administrative decision, we review the matter as if it had come directly from the agency, affording no special deference to the district court's decision. *DeLoge v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2011 WY 154, ¶ 5, 264 P.3d 28, 30 (Wyo. 2011). "Review of administrative agency action granting summary judgment in workers' compensation cases [is] governed by W.R.C.P. 56(c)." *In re Worker's Comp. Claim of Bodily*, 2011 WY 149, ¶ 12, 265 P.3d 995, 998 (Wyo. 2011). We review a grant of summary judgment *de novo*, using the same standards employed by the administrative agency. *DeLoge,* 2011 WY 154, ¶ 5, 264 P.3d at 30. The record is reviewed from the vantage point most favorable to the party who opposed the motion, giving that party the benefit of all favorable inferences that may fairly be drawn from the record. *Id.*

## DISCUSSION

[¶11] Before reaching the merits of this matter, we must first address whether the district court's order is appealable.[2] The Wyoming Rules of Appellate Procedure define an appealable order as "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]" W.R.A.P. 1.05. "The 'appealability' of a particular decision means its ripeness for consideration by an appellate court; that is, whether it is procedurally apt for appeal, as distinguished from 'reviewability,' which is used as meaning whether, because of its substantive nature, the question is one fit for the appellate court to consider." 4 Am. Jur. 2d *Appellate Review* § 77 (2007).

[¶12] In *Board of Trustees of Memorial Hospital of Sheridan County v. Martin*, we concluded "that a judgment of the district court remanding an administrative proceeding to the agency for further proceedings is not an appealable order under W.R.A.P. 1.05." 2003 WY 1, ¶ 16, 60 P.3d 1273, 1277 (Wyo. 2003). In so holding, we solicitously examined the evolution of W.R.A.P. 1.05 and the concept of "appealable order"; even

---

[2] The employer filed a motion to dismiss the appeal for lack of jurisdiction, which we address in this opinion.

distinguishing the term from its federal counterpart.[3] *Id*. at ¶ 12, at 1276.  More recently, in *Wilson Advisory Committee v. Board of County Commissioners*, we distinguished *Martin* to reach the merits of the case because the remand to the agency was for a minor correction that was merely ministerial.  2012 WY 163, ¶ 14 n.2, 292 P.3d 855, 860 n.2 (Wyo. 2012).  An authoritative secondary source on this issue is consistent with our precedent:

> A judgment of reversal rendered by an intermediate appellate court which remands the cause for further proceedings in conformity with the opinion of the appellate court ordinarily is not final and, therefore, not appealable to the higher appellate court, so long as judicial action in the lower court is required.  Where a cause is remanded for a new trial or other further proceedings involving disputed questions of law or fact, the reversal decision is not of a final character.  However, such an order may be deemed appealable where the duties imposed on the lower court by the order of remand are merely ministerial.
>
> An order on administrative review remanding the case for a de novo hearing before the administrative board is not final for the purpose of further appeal to an appellate court.  Likewise, a district court's order remanding an employee's request for preauthorization of benefits under a health plan to the plan administrator for a new determination is not a final, appealable order since it does not end the litigation on the merits.

4 Am. Jur. 2d *Appellate Review* § 87 (2007).[4]

---

[3] "It is our conclusion that our state system is now different from that instituted in the federal courts where remand orders similar to those at issue here are appealable as final orders.  However, because of the delay caused by such appeals, they are rare even in the federal system." *Martin*, 2003 WY 1, ¶ 13, 60 P.3d at 1276-77 (citations and quotations omitted).

[4] Put another way, American Jurisprudence explains:

> A judgment which terminates the litigation between the parties on the merits of the case and only remands the case to a lower court for the performance of ministerial acts is a final judgment for the purpose of review. Ministerial acts which may be ordered without affecting the finality of a judgment include the correction of a judgment, or the entry of a final judgment in accordance with the directions and mandate of the appellate court.  However, if a remand order does not simply require the performance of a ministerial duty, but also requires the exercise of judicial discretion, it is probably not final.

4 Am. Jur. 2d *Appellate Review* § 89 (2007).

[¶13] In the instant case, the district court reversed and remanded the case to the OAH for further substantive proceedings. *Martin* is not exactly on point because the district court there did not reverse, but simply remanded the matter for the agency to take additional evidence. *Wilson* is not on all fours either, where the remand was simply to require the performance of a ministerial duty. Thus, the question becomes whether to extend our holding in *Martin* and find the district court's order reversing and remanding the case to the agency for further substantive proceedings is not an appealable order. Our examination of controlling statutory and case law convinces us that the district court's order is not appealable under the circumstances of this case. The order does not instruct the OAH to perform the ministerial act of awarding or denying benefits; instead, it directs the agency to take further action—to hold a contested case hearing. Furthermore, harkening back to the language of W.R.A.P. 1.05(a), an appealable order is one that "determines the action and prevents a judgment." While the district court's order may prevent a judgment, we are not convinced that it determined the action because the OAH must still hold a contested case hearing and make a ruling on the merits.

[¶14] Although we conclude the district court's order is not appealable under W.R.A.P. 1.05, converting the notice of appeal to a writ of review is within our authority pursuant to W.R.A.P. 13. Because the single issue presented is a matter of law, and an appeal from the district court's order will materially advance resolution of the litigation, we will treat the attempted appeal as a petition for a writ of review. *See Errington v. Zolessi*, 9 P.3d 966, 967 (Wyo. 2000).

[¶15] Turning to the merits, the specific question is whether the Division's representation on December 8, 2011, was sufficient to estop the OAH from dismissing the employer's untimely objection to the Redetermination.[5] Reviewing the record from the vantage point most favorable to the employer, we are convinced it was not. "For equitable estoppel to apply, the appellant must show that he relied, to his detriment, upon some action of the Division." *Picozzi v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2013 WY 86, ¶ 13, 304 P.3d 977, 981 (Wyo. 2013). However, "[t]here can be no estoppel as a matter of law when the asserted reliance is not justifiable or reasonable under the circumstances of the case considered as a whole." *Broderick v. Dairyland Ins. Co.*, 2012 WY 22, ¶ 20, 270 P.3d 684, 692 (Wyo. 2012) (quoting *Roth v. First Sec. Bank of Rock Springs, Wyo.*, 684 P.2d 93, 97 (Wyo. 1984)); 28 Am. Jur. 2d *Estoppel and Waiver* § 27 (2011) ("Equitable estoppel arises only when . . . one party induces another to detrimentally change his or her position in reasonable reliance on that party's actions through words, conduct, or silence.").

---

[5] The employer and the Division also had a second conversation on December 20, 2011, during which the Division provided further details for the Redetermination and told the employer that there would not be an issue to submit an untimely objection. Because this conversation took place four days *after* the objection deadline, this fact is irrelevant to our equitable estoppel analysis.

[¶16] In *Appleby v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, we found equitable estoppel applied because the claimant was unfamiliar with the process to obtain benefits under the Wyoming Worker's Compensation Act. 2002 WY 84, ¶¶ 5, 19, 47 P.3d 613, 616, 619 (Wyo. 2002). The claimant's husband spoke with the Division's claims analyst, who mistakenly told him that it was too late to appeal the final determination. *Id.* at ¶ 6, at 616. Relying upon this information, to her detriment, the claimant failed to file an appeal prior to the actual deadline. *Id.*; *but see Picozzi*, 2013 WY 86, ¶ 14, 304 P.3d at 981 (determining equitable estoppel could not apply to prevent the application of a deadline).

[¶17] In the instant case, the employer's reliance on the statement made by the Division during their December 8, 2011, conversation is simply not a reasonable basis for failing timely to object to the Redetermination. The employer is no doubt familiar with the process to obtain benefits under the Wyoming Worker's Compensation Act. The Division did not tell the employer that the Division would waive the deadline to file an objection, or that it would accept and process a later filed objection during this conversation. Rather, taking the facts as alleged by the employer, the Division's claims analyst responded to the employer's request for more information by stating he needed to speak with his supervisor at the Division regarding the reasons for Redetermination. As a matter of law, the employer cannot establish the defense of equitable estoppel.

## CONCLUSION

[¶18] We reverse the district court's Order on Appeal and reinstate the OAH decision.