# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 108

### OCTOBER TERM, A.D. 2019

**October 24, 2019**

| | |
|---|---|
| REBECCA PAINTER, M.D.,<br><br>Appellant<br>(Petitioner),<br><br>v.<br><br>JODY McGILL and KRISTINA STEFKA, M.D., ex rel. WYOMING BOARD OF MEDICINE,<br><br>Appellees<br>(Respondents).<br><br>JODY McGILL and KRISTINA STEFKA, M.D., ex rel. WYOMING BOARD OF MEDICINE,<br><br>Appellants<br>(Respondents),<br><br>v.<br><br>REBECCA PAINTER, M.D.,<br><br>Appellee<br>(Petitioner). | S-19-0040<br><br><br><br><br><br><br><br><br><br><br><br>S-19-0041 |

*Appeal from the District Court of Campbell County*
The Honorable Thomas W. Rumpke, Judge

*Representing Appellant in Case No. S-19-0040:*
  Stephen H. Kline of Kline McCorkle, Cheyenne, Wyoming.

*Representing Appellees in Case No. S-19-0040:*

Bill G. Hibbler, Bill G. Hibbler, P.C., Special Assistant Attorney General, Cheyenne, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ,** Justice.

[¶1]   Following an investigation and hearing, the Wyoming Board of Medicine (Board) suspended Dr. Rebecca Painter's physician's license for a minimum of five years, fined her $15,000, and ordered her to pay one-half of the costs of the proceedings.  Dr. Painter filed a petition for review with the district court, which affirmed in part, reversed in part, and reversed and remanded in part the Board's decision.  Dr. Painter appealed from the district court's order and the Board filed a cross-appeal.  Because we conclude the district court's order is not an "appealable order" under Rule 1.05 of the Wyoming Rules of Appellate Procedure (W.R.A.P.), we dismiss these appeals for want of jurisdiction.

## ISSUE

[¶2]   The parties raise multiple issues but only one is determinative:


Is the district court's order an "appealable order" under W.R.A.P. 1.05?

## FACTS

[¶3]   The facts of this case are convoluted but, for our purposes, only a brief summary of the facts as found by the Board is necessary.[1]

[¶4]   In 2007, Dr. Painter became Patient's primary care physician.  At that time, Patient was 77 years old, had decreased mobility, suffered from congestive heart failure, headaches and dizziness, and was unable to manage her money, assets, or property without assistance. Over the next eight years, until Patient's death in January 2015, Dr. Painter, while still serving as Patient's primary care physician, became intimately involved in Patient's personal and financial affairs.  Among other things, Dr. Painter took Patient to lunch, had her over for dinner and to spend the night, invited Patient to attend her church and to spend holidays with Dr. Painter and her family, and called Patient "her little friend."  Dr. Painter became Patient's attorney in fact pursuant to a general durable power of attorney and a durable power of attorney for health care.  She was named co-trustee of Patient's revocable trust, personal representative of Patient's estate, and a joint owner of Patient's bank accounts.  Dr. Painter charged Patient $60 an hour for "financial management services" and paid herself approximately $42,725 from Patient's bank accounts for these services; this amount included a $35,000 payment after Patient's death.

[¶5]   Patient's niece complained about Dr. Painter to the Board.  Following a six-day contested hearing, the Board concluded Dr. Painter's relationship with Patient, as well as

---

[1] We recognize the Board's decision is still subject to review.  Our rendition of the facts is neither essential to our decision nor intended to bind the Board, the district court, or any of the parties.

1

her conduct toward Patient's relatives, constituted violations of various provisions of the Medical Practice Act, Wyo. Stat. Ann. §§ 33-26-101 through 703 (LexisNexis 2019), and the Board's administrative rules. The Board suspended Dr. Painter's medical license for a minimum of five years, imposed a $15,000 fine, and ordered her to pay one-half of the costs of the proceedings, including attorney fees and hearing examiner expenses.

[¶6]    Dr. Painter filed a petition for review with the district court. The court affirmed the Board's decision that Dr. Painter had exploited Patient under § 33-26-402(a)(vii)[2] and had improperly terminated their physician-patient relationship in violation of § 33-26-402(a)(xxvii)(B), (xxxi), and Chapter 3, § 5 of the Board's administrative rules. It reversed the Board's decision that Dr. Painter had exploited Patient's relatives under § 33-26-402(a)(vii), concluding "there [was] insufficient evidence that [Dr. Painter] used undue influence, intimidated, harassed, or deceived the family members to deprive them of their property." The district court ruled that Dr. Painter's exploitation of Patient "cannot create vicarious liability for exploitation of [Patient's family members]." It also reversed the Board's conclusion that Dr. Painter had violated § 33-26-402(a)(xxvii)(C), (E), (J) and (K) because it determined expert testimony was necessary to prove a violation of these subsections and the Board had provided none.

[¶7]    The court reversed and remanded the Board's decision that Dr. Painter had violated § 33-26-402(x) because it was unclear whether the Board found Dr. Painter violated any provision of the Medical Practice Act, including § 33-26-402(a)(vii), or whether it found Dr. Painter had violated "any other applicable provision of law." On remand, the court directed the Board to provide "more detailed findings to explain the basis for discipline under § 33-26-402(a)(x)." The court also concluded that in one section of the Board's decision the Board found Dr. Painter had violated § 33-26-402(a)(xxvii)(C) while in another section of the decision it found no such violation. It reversed and remanded for the Board to address that inconsistency. The court further found the Board had failed to address whether Dr. Painter had violated § 33-26-402(a)(xviii) (failure or refusal to produce documents or other information relevant to any Board investigation) and remanded to the Board to decide the matter in the first instance.

[¶8]    The court also reversed and remanded the Board's decision assessing Dr. Painter one-half of the costs of the proceedings. It decided there was no statutory authority for the Board to assess attorney fees and hearing examiner expenses as "costs." Additionally, the court determined the Board abused its discretion in assessing costs prior to receiving an

---

[2] Prior to 2018, § 33-26-402(a)(vii) prohibited a medical doctor from engaging in "sexual misconduct," which was defined in § 33-26-102(a)(xii)(C) to include not only sexual contact and the exchange of medical services for sexual gratification but also non-sexual exploitation of a patient. In 2018, the legislature repealed § 33-6-402(a)(vii). In its place it added subsection (xxxv), which prohibits a doctor from exploiting his patients, and added an entirely new statute addressing sexual misconduct, § 33-1-118.

2

itemized list of costs. Without the list, the court reasoned, the Board could not have determined the reasonableness and necessity of the costs. The court remanded for the Board to "make an initial determination whether the amount charged for certain costs [sans attorney fees and hearing examiner expenses was] reasonable and . . . necessary for the preparation of the contested case hearing." These appeals followed.

## DISCUSSION

[¶9] Dr. Painter challenges the contested case hearing procedure as well as the substance of the Board's decision. The Board cross-appeals seeking to uphold the entirety of the Board's decision. However, it also argues we lack jurisdiction over these appeals because the district court's order is not an "appealable order" under W.R.A.P. 1.05.

[¶10] Our jurisdiction "is limited to appeals from final appealable orders." *Matter of Estate of Inman*, 2016 WY 101, ¶ 9, 382 P.3d 67, 69 (Wyo. 2016). An "appealable order" is "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]" W.R.A.P. 1.05(a).[3] For an order to be appealable under Rule 1.05, it "must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues." *In re E.R.C.K.*, 2013 WY 160, ¶ 28, 314 P.3d 1170, 1176 (Wyo. 2013) (quotations omitted); *see also, Estate of McLean ex rel. Hall v. Benson*, 2003 WY 78, ¶ 8, 71 P.3d 750, 753 (Wyo. 2003) ("To be final, the order must determine all liabilities of all parties and leave nothing for future consideration." (quotations omitted)).

[¶11] In general, "a judgment of the district court remanding an administrative proceeding to the agency for further proceedings is not an appealable order under W.R.A.P. 1.05." *Bd. of Trustees of Mem'l Hosp. of Sheridan County v. Martin*, 2003 WY 1, ¶ 16, 60 P.3d 1273, 1277 (Wyo. 2003). An exception to this rule exists where the remand is for ministerial matters. *See Schwab v. JTL Group, Inc.*, 2013 WY 138, ¶ 12, 312 P.3d 790, 794 (Wyo. 2013).

[¶12] The general rule applies here. The district court's order remands the case to the Board to clarify certain matters, make further findings as to certain violations, and to decide matters in the first instance. In other words, the remand requires the Board to exercise its judgment and discretion; it is not ministerial. *See* https://www.merriam-webster.com/dictionary/ministerial (defining "ministerial" as "relating to or being an act done after ascertaining the existence of a specified state of facts in obedience to a legal order *without exercise of personal judgment or discretion*" (emphasis added)); *see also In re Hartmann*, 2015 WY 1, ¶ 15, 342 P.3d 377, 381 (Wyo. 2015) (order remanding the

---

[3] "W.R.A.P. 1.05(a) applies to appeals to this Court from a district court's decision on a petition for review of administrative action." *Schmitz v. State Dep't of Workforce Servs. Labor Standards*, 2017 WY 143, ¶ 14 n.3, 406 P.3d 312, 315 n.3 (Wyo. 2017).

matter to the agency for reconsideration of all of the issues under the second compensable injury rule was a substantive remand and therefore the order was not a final appealable order); *Schwab*, ¶ 13, 312 P.3d at 794 (order was not an appealable order because it remanded the matter to the agency for a contested case hearing, which was not a mere ministerial matter); *Martin*, ¶¶ 7, 16, 60 P.3d at 1275, 1277 (order remanding the matter to the agency to allow the employee to provide additional evidence to defend against termination was not a mere ministerial matter and rendered the order non-appealable). *Compare Wilson Advisory Comm. v. Bd. of County Comm'rs*, 2012 WY 163, ¶ 14 n.2, 292 P.3d 855, 860 n.2 (Wyo. 2012) (order remanding the case to the Teton County Board of Commissioners for a minor correction did not render the order non-appealable).

[¶13]  The district court concluded its written order with, "This final order constitutes the Judgment of the Court."  Focusing on the words "final" and "judgment," Dr. Painter argues the order is final and appealable because the district court said so.  But the district court initially announced its decision orally.  Several weeks later, it followed up with a written order.  By referring to the written order as "final," the court may have been simply explaining it was the last order it would be issuing in the matter.  In any event, Dr. Painter's argument improperly elevates form over substance.  *Stone v. Stone*, 842 P.2d 545, 548 (Wyo. 1992).  "Instead of emphasizing the name given to an action below, we . . . concentrate on the effect the order has on the parties' rights."  *Id.*

[¶14]  Dr. Painter contends the ultimate effect of the district court's order is to uphold the Board's suspension of her license based on the Board's findings she exploited Patient and improperly terminated the physician-patient relationship.  The remand, she argues, will not change that result, only the number of violations.  Moreover, while the district court decided the Board had improperly included attorney fees and hearing examiner expenses as costs, Dr. Painter maintains it otherwise upheld the Board's decision assessing costs.  As a result, she argues the Board on remand need only engage in the simple ministerial matter of removing those fees from the cost assessment.  We disagree on both counts.

[¶15]  The ultimate effect of the district court's order is to leave substantial matters unresolved, namely, the number and nature of violations supporting the Board's decision to suspend her license.  While Dr. Painter downplays those matters, they are significant as any new violation will have to be challenged by Dr. Painter if she wishes reversal of the Board's decision.  It is imperative, therefore, that we allow the Board to resolve all outstanding matters to avoid piecemeal appeals.  *Estate of McLean*, ¶ 8, 71 P.3d at 753 (the purpose of requiring a final appealable order "is to avoid fragmentary appeals and decisions made in a piecemeal fashion").

[¶16]  Dr. Painter is simply mistaken on the cost issue.  The district court remanded the case to the Board to remove the attorney fees and hearing examiner expenses from the cost assessment.  However, it also remanded for the Board to determine in the first instance whether the costs assessed were reasonable and necessary.  While the former involves the

4

ministerial task of removing certain fees from the cost assessment, the latter involves an exercise of discretion and judgment. As we have already explained, tasks involving the exercise of discretion and judgment are not mere ministerial acts.[4]

[¶17] Dr. Painter alternatively asks us to convert the notices of appeal into petitions for review under W.R.A.P. 13. She argues the appeals present fundamental questions of law, the parties have fully briefed the outstanding issues, our immediate review is in the interest of judicial economy as it will advance the resolution of the case, and there is simply no reason to delay these appeals while waiting for the Board to revise its findings and the district court to review those findings.

[¶18] Rule 13.02 provides in relevant part:

> A writ of review may be granted by the reviewing court to review an interlocutory order of a trial court in a civil or criminal action, . . . which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there are substantial bases for difference of opinion and in which an immediate appeal from the order may materially advance resolution of the litigation.

Whether to issue a writ of review is within our discretion. *See Hartmann*, ¶¶ 16-17, 342 P.3d at 381-82. We do not exercise that discretion "regularly, only when the case raises a question of law and appellate review of the district court's order would materially advance resolution of the litigation." *Snell v. Snell*, 2016 WY 49, ¶ 15, 374 P.3d 1236, 1240 (Wyo. 2016). We decline to exercise our discretion in this case.

[¶19] These appeals raise several questions of law but also ask us to decide whether the Board's decision is arbitrary and capricious or otherwise not supported by substantial evidence. Resolution of the latter is not a question of law but instead requires a comprehensive review of the agency's record. *See Dale v. S&S Builders, LLC*, 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo. 2008) ("When we consider an appeal from a district court's review of an administrative agency's decision, we give no special deference to the district court's decision. Instead, we review the case as if it had come directly to us from the administrative agency." (quotations omitted)).

---

[4] Dr. Painter argues the lack of any action by the Board since entry of the district court's order "belie[s] any argument that the Order did not determine the action." According to Dr. Painter, such inaction demonstrates "the Board . . . is content with the status quo and does not intend to further address Petitioner's case pending the appeals to the Supreme Court." At oral argument, the Board's attorney informed us that, upon the Board's request, the hearing examiner held a scheduling conference concerning the remand. While the parties decided at the conference to await our decision in this matter before proceeding, the Board's attorney assured us the Board would not "shirk" its responsibility to follow the district court's remand order.

[¶20] Moreover, resolution of these appeals will not necessarily materially advance the litigation as violations remain outstanding and clarification of certain violations is necessary. As a result, immediate review of these appeals is not in the interest of judicial economy. *Compare Snell*, ¶ 16, 374 P.3d at 1240 (converting notice of appeal into petition for review where question presented was a distinct question of law and resolution of that question would materially advance the litigation as our decision would either result in a dismissal of the action or provide focus to the district court's proceedings); *Stewart Title Guaranty Co. v. Tilden*, 2005 WY 53, ¶ 7, 110 P.3d 865, 870 (Wyo. 2005) (converting notice of appeal into writ of review because defendant/appellant presented only questions of law relating to jurisdiction and plaintiff/appellee's ability to state a claim upon which relief may be granted; these issues were fundamental to the action and immediate review was in the best interest of judicial economy). Nor do we find any unique circumstances present here requiring immediate review. *See Snell*, ¶ 16, 374 P.3d at 1240 (concluding timely resolution of the matter upon a writ of review was necessary, in part, given appellant was "very elderly and suffers from health issues").

## CONCLUSION

[¶21] The district court's order is not a final appealable order. We decline to convert the notices of appeal into petitions for review. These appeals are dismissed for lack of jurisdiction.