# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 86

APRIL TERM, A.D. 2013

July 16, 2013

NICHOLAS A. PICOZZI,

Appellant
(Respondent),

v.

STATE OF WYOMING, ex rel.,
WYOMING WORKERS' SAFETY AND
COMPENSATION DIVISION,

Appellee
(Petitioner).

S-12-0254

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*
>   James C. Worthen of Murane & Bostwick, LLC, Casper, Wyoming.

*Representing Appellee:*
>   Gregory A. Phillips, Wyoming Attorney General; John D. Rossetti, Deputy Attorney General; Michael J. Finn, Senior Assistant Attorney General; Kelly Roseberry, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**VOIGT, Justice.**

[¶1] Nicholas Picozzi, the appellant, injured his neck in a compensable work-related accident. After receiving temporary total disability benefits for thirty-six months, the appellant underwent shoulder surgery. The appellant applied to the Wyoming Workers' Safety and Compensation Division (Division) for additional benefits, arguing that the shoulder injury was a second compensable injury and he, therefore, was entitled to a separate period of benefits. Although the Office of Administrative Hearings (OAH) agreed, the district court rejected that argument. The appellant now appeals that decision and also argues in the alternative that equitable estoppel prohibits enforcement of the thirty-six month limitation. We affirm the district court.

## ISSUES

[¶2]     1.   Did the OAH hearing examiner err as a matter of law by granting the appellant's application for temporary total disability benefits?

        2.   Is the Division equitably estopped from enforcing the thirty-six month limitation on receipt of temporary total disability benefits?

## FACTS

[¶3]     The appellant was employed as an iron worker when, on October 30, 2007, a ten-pound shackle fell thirty feet and landed on his head, neck, and back. The next day, he went to the Wyoming Medical Center in Casper for treatment where he was diagnosed with a stable cervical fracture and was advised to see an orthopedic shoulder specialist for treatment of his rotator cuff injury. The appellant applied for and received temporary total disability benefits for injuries to his "left neck (cervical)" and his "right neck (cervical)."

[¶4]     To determine if he was eligible for a permanent disability award, the Division ordered the appellant to undergo independent medical examinations on December 18, 2009, and May 21, 2010. The general conclusion was that the appellant's injuries had not yet reached maximum medical improvement and, therefore, it would be impossible to assign him an impairment rating. Additionally, the doctors expressed concern that the appellant had not yet received treatment regarding his shoulder pain.

[¶5]     The appellant received no medical treatment from August 2009 through July 2010. During that time, he requested from the Division a list of doctors who could treat him because he was under the impression that he could only seek treatment from a doctor with a referral from the Division. Based upon the list of physicians provided by the Division, the appellant sought the services of Dr. Christensen, who diagnosed the appellant with shoulder impingement syndrome. On November 18, 2010, the appellant

1

sought, and later received, preapproval from the Division for arthroscopic shoulder decompression surgery. On November 30, 2010, Dr. Christensen performed that surgery on the appellant's shoulder.

[¶6]    Meanwhile, a claims analyst with the Division informed the appellant that his temporary total disability benefits would soon expire. He later received a Final Determination Regarding Temporary Total Disability Benefits providing notification that his benefits would terminate as of November 18, 2010. The appellant objected and the matter was referred to the OAH. The hearing examiner found that the shoulder surgery was a second compensable injury as it "was clearly related to the original injury of October 30, 2007." The time limitation on the appellant's temporary total disability benefits was, therefore, inapplicable. The Division responded to this decision with a Petition for Judicial Review, which was granted.

[¶7]    The district court affirmed the hearing examiner's determination that the appellant's shoulder injury constituted a second compensable injury. However, the district court concluded that the hearing examiner improperly determined that the thirty-six month time limitation did not apply to the appellant's benefits. The appellant now appeals that decision.

## STANDARD OF REVIEW

[¶8]    An agency's legal conclusions will be reviewed *de novo*. *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 26, 188 P.3d 554, 561-62 (Wyo. 2008). No deference will be given to the decision of the district court. *Newman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2002 WY 91, ¶ 7, 49 P.3d 163, 166 (Wyo. 2002).

## DISCUSSION

### *Did the OAH hearing examiner err as a matter of law by granting the appellant's application for temporary total disability benefits?*

[¶9]    The period for receiving a temporary total disability award is limited by statute as well as regulations promulgated by the Division.

> (a) If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. 27-14-102(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided by W.S. 27-14-403(c). ***The period for receiving a temporary total disability award under this section for***

2

*injuries resulting from any one (1) incident or accident shall not exceed a cumulative period of twenty-four (24) months, except that the division pursuant to its rules and regulations and in its discretion may in the event of extraordinary circumstances award additional temporary total disability benefits.* The division's decision to grant such additional benefits shall be reviewable by a hearing examiner only for an abuse of discretion by the division.

Wyo. Stat. Ann. § 27-14-404(a) (LexisNexis 2011) (emphasis added). The Division has promulgated rules allowing for extension in extraordinary circumstances.

(b) Limitation on Period of Temporary Total Disability (TTD); Extraordinary Circumstance.

*(i) The period for receiving a TTD award under W.S. § 27-14-404 resulting from a single incident, accident, or period of cumulative trauma or exposure shall not exceed a cumulative period of 24 months,* except that the Division, in its discretion, may award additional TTD benefits if the claimant establishes by clear and convincing evidence that the claimant:

(A) remains totally disabled, due solely to a work-related injury;

(B) has not recovered to the extent that he or she can return to gainful employment;

(C) reasonably expects to return to gainful employment within 12 months following the date of the first TTD claim occurring after the expiration of the 24-month period;

(D) does not have an ascertainable loss which would qualify for benefits under W.S. §§ 27-14-405 or 406; and,

(E) has taken all reasonable measures to facilitate recovery, including compliance with the recommendations of the treating physician.

3

> *(ii) No awards of additional TTD benefits pursuant to subsection (i) of this section shall exceed 12 cumulative calendar months.*

Rules, Regulations and Fee Schedules of the Wyoming Workers' Safety and Compensation Division, ch. 7, § 2(b)(i)-(ii) (2011) (emphasis added). The statute allows for twenty-four months of payments and the Division rules allow for an additional twelve months of payments under extraordinary circumstances.

[¶10] The appellant and the Division disagree regarding whether the appellant's shoulder surgery constituted a second compensable injury. As a result of this Court's holding in *State ex rel. Wyo. Workers' Safety & Comp. Div. v. Smith*, 2013 WY 26, 296 P.3d 939 (Wyo. 2013), published after the briefs in this matter were submitted, whether or not the shoulder surgery constitutes a second compensable injury has no bearing on the ultimate conclusion. Smith injured his neck in a work-related accident. *Id*. at ¶ 3, at 940. After receiving temporary total disability for thirty-six months, Smith began to experience shoulder and arm pain related to his neck injury. *Id*. at ¶¶ 4-5, at 941. The Division denied Smith's claim for additional benefits. *Id*. at ¶ 6, at 941. Following Smith's demand for a contested case hearing with the OAH, and the Division's petition for review in the district court of the hearing examiner's conclusion, the Division appealed to this Court. *Id*. at ¶¶ 6-8, at 941. We agreed with the Division and denied Smith's request for additional temporary total disability benefits for his shoulder pain because he already received benefits for thirty-six months as a result of an injury from the same work-related accident. "Under the plain language of the statute, this limitation applies to all 'injuries' resulting from 'any one (1) incident or accident,' encompassing situations in which the claimant receives multiple injuries simultaneously or a subsequent compensable injury as the result of a single workplace accident." *Id*. at ¶ 17, at 944.

[¶11] The facts at issue in the instant case are similar to those in *Smith*. The appellant injured his neck in a compensable work-related accident. As a result of that accident, he received thirty-six months of temporary total disability benefits. Towards the end of that period, he sought treatment for shoulder pain that was the result of the same accident. The thirty-six month period lapsed prior to his shoulder surgery. Regardless of whether this constitutes a second compensable injury, both the neck and shoulder injuries resulted from the same work-place accident. Because the thirty-six month limitation applies to "all 'injuries' resulting from 'any one (1) incident or accident,'" the appellant is not entitled to additional temporary total disability benefits. *Id*.

***Is the Division equitably estopped from***
***enforcing the thirty-six month limitation on***
***receipt of temporary total disability benefits?***

[¶12]   The appellant argues in the alternative that the Division is equitably estopped from enforcing the thirty-six month limitation**.**   Specifically, the appellant argues that the Division's failure to provide a list of physicians near his home caused the treatment of his shoulder to extend beyond the proscribed time limitation.

> We have recognized that estoppel is available against a governmental agency for the unintentional, misleading statement of its representative. [*Wyo. Workers' Comp. Div. v.*] *Barker,* 978 P.2d [1156,] 1159-61 [(Wyo. 1999)]; *Bauer* [*v. Wyo. Workers' Comp. Div.*]*,* 695 P.2d [1048,] 1050-53 [(Wyo. 1985)].  Equitable estoppel may be invoked to prevent strict application of both the workers' compensation statute of limitations and its accident report requirement.  [*Bauer*, 695 P.2d] at 1053.  If a valid claim is lost because of some action by the employer or the insurance provider (here the state of Wyoming) reasonably relied upon by the employee to her detriment, relief should be granted. *Id.* at 1052.

*Appleby v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2002 WY 84, ¶ 19, 47 P.3d 613, 619 (Wyo. 2002).  In the instant case, according to the appellant, he was unfamiliar with the Wyoming workers' compensation program.  He repeatedly requested a list of doctors from his claims analyst because he believed that he was required to visit only doctors to whom he was referred to by the Division.  By the time he was provided with such a list, the thirty-six month period was near expiration.

[¶13]   For equitable estoppel to apply, the appellant must show that he relied, to his detriment, upon some action of the Division.  In *Appleby*, this Court held that equitable estoppel applied.  Appleby, like the appellant here, was unfamiliar with the process to obtain benefits. *Id*. at ¶ 5, at 616.  Appleby's husband called the claims analyst assigned to his wife's case to find out why her claim had initially been denied.  The claims analyst mistakenly told him that it was too late to appeal the final determination. *Id*.  Appleby relied upon this information to her detriment and failed to file an appeal prior to the actual deadline. *Id*. at ¶ 6, at 616.

[¶14]   Unlike in *Appleby*, the appellant relied upon his own misunderstanding of the Wyoming Workers' Compensation Act.  He testified that he was "unfamiliar with the system."  When asked if his case analyst ever said she would refer him to a doctor, the appellant responded that there were a few doctors to whom the Division sent him and, therefore, he assumed that he needed Division approval to see any other doctors.  In

reality, the Division never sent the appellant to a doctor for treatment, but rather, he was sent to doctors solely to perform independent medical examinations. The appellant was aware of this, and was also aware that the doctors who performed the independent medical examinations were, in fact, prohibited from providing treatment. For these reasons, equitable estoppel cannot apply to prevent the application of the thirty-six month limitation.

## CONCLUSION

[¶15]  The appellant received temporary total disability benefits for thirty-six months as a result of work-related injury to his neck.  After the thirty-six months expired, the appellant underwent shoulder surgery.  Because the appellant's shoulder injury was a result of the same accident that caused his neck injury, he is not entitled to an additional period of benefits. Equitable estoppel does not prevent the enforcement of the thirty-six month limitation because the appellant did not detrimentally rely upon an action by the Division.  We affirm the district's court's decision, finding that the appellant was not entitled to further benefits.