# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 68

**APRIL TERM, A.D. 2014**

**May 29, 2014**

STATE OF WYOMING, ex rel.,
DEPARTMENT OF WORKFORCE
SERVICES, WORKERS' SAFETY AND
COMPENSATION DIVISION,

Appellant
(Defendant),

v.                                                          S-13-0194

ERIN R. CLEMENTS,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
The Honorable Steven K. Sharpe, Judge

*Representing Appellant:*

Peter K. Michael, Wyoming Attorney General; John D. Rossetti, Deputy Attorney General; Michael J. Finn, Senior Assistant Attorney General. Argument by Mr. Finn.

*Representing Appellee:*

George Santini of Ross, Ross & Santini, LLC, Cheyenne, Wyoming.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Chief Justice.**

[¶1]   By statute, the Wyoming legislature limited awards of temporary total disability (TTD) benefits to twenty-four months but gave the Wyoming Worker's Safety and Compensation Division (the Division) discretionary authority to extend the time for those benefits in the event of extraordinary circumstances.   The Division adopted a rule limiting any extension of TTD benefits to a maximum of twelve months.   Erin R. Clements received the statutory maximum and the additional twelve months.  She sought additional TTD benefits, which the Division denied.  She filed a declaratory judgment action asking the district court to hold that the Division exceeded its authority when it limited the extension to twelve months.   The district court concluded the Division exceeded its authority when it adopted a rule limiting TTD benefits to a total of thirty-six months under any circumstances.  The Division appealed.  We affirm.

## ISSUE

[¶2]   The issue for this Court to determine is whether the district court erred in holding that the Division exceeded its statutory authority by adopting a rule limiting additional TTD benefits to twelve months.

## FACTS

[¶3]   Ms. Clements was injured in November 2008 while working at Little America in Cheyenne, Wyoming.   She applied for and received TTD benefits for twenty-four months, obtained an extension of TTD benefits for another twelve months and then applied for more TTD benefits.   On July 6, 2012, the Division entered a final determination denying Ms. Clements' claim for additional TTD benefits because she had received all the TTD benefits to which she was entitled under Wyo. Stat. Ann. § 27-14-404 (LexisNexis 2013) and Division rules.  Ms. Clements objected to the determination and asked for a hearing.

[¶4]   The matter was referred to the Office of Administrative Hearings (OAH) for a contested case hearing.   The OAH issued an order upholding the denial of Ms. Clements' claim for additional TTD benefits.  Ms. Clements sought review of the denial in district court and also filed a complaint for declaratory relief, asserting the Division exceeded its authority when it adopted Chapter 7, Section 2(b) of the Workers' Compensation Division Rules.  She argued that the rule contravened the legislative intent evident in § 27-14-404(a).

[¶5]   The Division filed a motion to dismiss the complaint for declaratory relief.   In support of the motion, the Division argued that Ms. Clements had not exhausted her administrative remedies and the relief she sought was foreclosed by this Court's holdings in *State ex rel. Wyo. Workers' Safety & Comp. Div. v. Smith*, 2013 WY 26, ¶ 17, 296 P.3d

939 (Wyo. 2013) and *Picozzi v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2013 WY 86, 304 P.3d 977 (Wyo. 2013).

[¶6] After asking for additional briefing on the motion to dismiss and holding a hearing, the district court entered an order denying the motion and granting declaratory relief. The Division timely appealed from the order.

## STANDARD OF REVIEW

[¶7] The sole issue in this case is whether the Division exceeded its statutory authority when it adopted a rule setting a maximum number of months TTD benefits are payable under any circumstances. In accordance with the Wyoming Administrative Procedure Act, the Court will interpret the statutory provisions, and set aside the agency's action if it exceeds the agency's statutory authority. *Qwest Corp. v. Public Serv. Comm'n*, 2007 WY 97, ¶ 3, 161 P.3d 495, 497 (Wyo. 2007), citing Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2005). Statutory interpretation is a question of law, so our review is *de novo*. *Qwest*, citing *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 43, ¶ 9, 154 P.3d 331, 334 (Wyo. 2007).

## DISCUSSION

[¶8] The statute at issue in this case, with the disputed language underlined, provides in relevant part as follows:

> **§ 27-14-404. Temporary total disability; benefits; determination of eligibility; . . . period of certification limited; . . . .**
>
> (a) If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. 27-14-102(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided by W.S. 27-14-403(c). <u>The period for receiving a temporary total disability award under this section for injuries resulting from any one (1) incident or accident shall not exceed a cumulative period of twenty-four (24) months, except that the division pursuant to its rules and regulations and in its discretion may in the event of extraordinary circumstances award additional temporary total disability benefits.</u> The division's decision to grant such additional benefits shall be reviewable by a hearing examiner only for an abuse of discretion by the division.

2

[¶9] Chapter 7, Section 2(b) of the Division rules, adopted pursuant to the above statute provides:

> (b)     Limitation on Period of [TTD]; Extraordinary Circumstance.
>           (i)  The period for receiving a TTD award under W.S. § 27-14-404 resulting from a single incident, accident or period of cumulative trauma or exposure shall not exceed a cumulative period of 24 months, except that the Division, in its discretion, may award additional TTD benefits of the claimant establishes by clear and convincing evidence that the claimant:
>           (A)  remains totally disabled, due solely to a work-related injury;
>           (B) has not recovered to the extent that he or she can return to gainful employment;
>           (C)  reasonably expects to return to gainful employment within 12 months following the date of the first TTD claim occurring after the expiration of the 24-month period;
>           (D)  does not have an ascertainable loss which would qualify for benefits under W.S. §§ 27-14-405 or 406; and,
>           (E)  has taken all reasonable measures to facilitate recovery, including compliance with the recommendations of the treating physician.
>           (ii) No awards of additional TTD benefits pursuant to subsection (i) of this section shall exceed 12 cumulative calendar months.

[¶10]  When interpreting statutes:

> [Our] paramount consideration is to determine the legislature's intent, which must be ascertained initially and primarily from the words used in the statute.  We look first to the plain and ordinary meaning of the words to determine if the statute is ambiguous.  A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability.  Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations.

*Barlow Ranch, Ltd. Partnership v. Greencore Pipeline Co. LLC*, 2013 WY 34, ¶ 18, 301 P.3d 75, 83 (Wyo. 2013) (citations omitted).

> The determination of whether a statute is clear or ambiguous is a matter of law for the court. When the language is clear, we give effect to the ordinary and obvious meaning of the words employed by the legislature. In ascertaining the meaning of a statutory provision, all statutes relating to the same subject or having the same general purpose must be considered in *pari materia* and construed in harmony. We do not apply our rules of statutory construction unless a statute is ambiguous.

*Id.*, ¶ 18, 301 P.3d at 84 (internal citations omitted). These same rules apply when we are asked to interpret an administrative rule. *Wilson Advisory Committee v. Bd. of County Comm'rs*, 2012 WY 163, ¶ 31, 292 P.3d 855, 863 (Wyo. 2012).

[¶11] In the present case, we must determine the legislature's intent in establishing a maximum twenty-four month period for TTD benefits, but giving the Division the discretion to award additional TTD benefit in the event of extraordinary circumstances. As reflected in paragraph 8 above, the exact language at issue states that the period for receiving TTD benefits for a work injury shall not exceed twenty-four months, except that the division "may in the event of extraordinary circumstances award additional temporary total disability benefits." The word "may" is permissive, meaning that it authorizes the proposed action but does not require it. *Bourke v. Grey Wolf Drilling, Co. LP*, 2013 WY 93, ¶ 18, 305 P.3d 1164, 1168 (Wyo. 2013); *Anderson v. Bd. of County Comm'rs of Teton Co.*, 2009 WY 122, ¶ 22, 217 P.3d 401, 407 (Wyo. 2009). Thus, pursuant to § 27-14-404, the Division was authorized, but not required, to award TTD benefits beyond the statutory maximum.

[¶12] The statute specifies the Division may award TTD benefits beyond the statutory maximum "in the event of extraordinary circumstances." The plain and ordinary meaning of the word "extraordinary" is, "beyond what is usual, regular, or customary." *Webster's Third New Int'l Dictionary* 807 (2002). The plain and ordinary meaning of the word "circumstances" is, "the way something happens: the specific details of an event." *Id.* *See also Black's Law Dictionary* 277 (9th ed. 2004), defining extraordinary circumstances as "a highly unusual set of facts that are not commonly associated with a particular thing or event." Thus, pursuant to the statutory language, the Division is authorized to award TTD benefits beyond the statutory maximum when the specific details or facts are beyond what is usual or commonly associated with the event.

4

[¶13]   Giving the words used in the statute their plain and ordinary meaning, the legislative intent appears to have been to allow the Division to award additional TTD benefits beyond the statutory limit in cases where extraordinary circumstances warrant an additional award.  The plain and ordinary meaning of the words used do not suggest the legislature intended the Division to set a limit on TTD benefits after which *no* TTD benefits can be awarded *no matter what* the circumstances.  In special situations, justifying extraordinary treatment, the legislature intended the Division to have the authority to award more TTD benefits than the statutory maximum.  While it clearly intended to limit TTD benefits in most cases, it also clearly intended to allow TTD benefits beyond the limit when exceptional circumstances exist.  The Division cannot abrogate its responsibility to apply its discretion in exceptional circumstances.

[¶14]  This Court has said:

> It is axiomatic that an agency has and may properly exercise only those powers authorized by the legislature.  *U S West Communications, Inc. v. Wyoming Public Service Com'n*, 958 P.2d 371, 374 (Wyo.1998) (quoting  *Tri County Telephone Ass'n, Inc. v. Wyoming Public Service Com'n*, 910 P.2d 1359, 1361 (Wyo.1996)); *Preferred Energy Properties v. Wyoming State Bd. of Equalization,* 890 P.2d 1110, 1113 (Wyo.1995); *Hupp v. Employment Sec. Com'n of Wyoming,* 715 P.2d 223, 225 (Wyo.1986).  An agency is wholly without power to modify, dilute or change in any way the statutory provisions from which it derives its authority.  When an administrative agency takes an action that exceeds its authority or proceeds in a manner unauthorized by law, that action is null and void.  *Triska v. Department of Health and Environmental Control,* 292 S.C. 190, 355 S.E.2d 531, 533 (1987).

*Wyoming Dep't of Revenue v. Guthrie*, 2005 WY 79, ¶ 18, 115 P.3d 1086, 1093 (Wyo. 2005).  The Division exceeded its statutory authority when it adopted a rule providing that additional TTD benefits could not exceed twelve months under any circumstances, no matter how extraordinary.

[¶15]  Our holding is not precluded by our precedent.  We have not been previously asked to determine whether the Division's rule exceeds the authority granted under § 27-14-404.  *Smith* and *Picozzi* addressed the question of whether a worker who received TTD benefits for thirty-six months was entitled to another thirty-six months pursuant to the second compensable injury rule.  In concluding he was not, we did not consider whether the Division exceeded its authority in promulgating the rule.  Likewise, we did

5

not consider the validity of the Division's rule in *Dorman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2012 WY 94, 281 P.3d 342 (Wyo. 2012).

[¶16]  The district court's order granting declaratory relief is affirmed.