# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 91

APRIL TERM, A.D. 2019

*September 6, 2019*

IN THE MATTER OF THE WORKER'S
COMPENSATION CLAIM OF:

JODY J. SWEETALLA,

**Appellant**
**(Petitioner),**

v.                                                                 S-18-0293

STATE OF WYOMING, ex rel.
DEPARTMENT OF WORKFORCE
SERVICES, WORKERS' COMPENSATION
DIVISION,

**Appellee**
**(Respondent).**

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
Elizabeth B. Lance and M.J. Hall, Lance & Hall, LLP, Cheyenne, Wyoming.

*Representing Appellee:*
Bridget L. Hill, Attorney General; Michael J. McGrady, Deputy Attorney General; J.C. DeMers, Senior Assistant Attorney General; Peter Howard, Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN**, Justice.

[¶1]   Jody J. Sweetalla appeals from the district court's order affirming the Office of Administrative Hearings' (OAH) order upholding the Department of Workforce Services, Workers' Compensation Division's (Division) Final Determination Regarding Compensability. OAH affirmed the Division's final determination denying benefits on the basis that Mr. Sweetalla did not file a claim for benefits within the one-year statute of limitations set forth in Wyoming Statute § 27-14-503(a). Because OAH erred in its determination that equitable estoppel did not bar the Division from asserting the statute of limitations as a defense, we reverse and remand.

### ISSUE

[¶2]   Did OAH err when it upheld the Division's final determination because Mr. Sweetalla did not file a claim for benefits within the one-year statute of limitations set forth in Wyoming Statute § 27-14-503(a)?

### FACTS

[¶3]   On January 16, 2014, Mr. Sweetalla injured his left shoulder when he attempted to open a garage door while working for Legend Services, Inc. (Legend Services). Mr. Sweetalla immediately notified Legend Services of the injury and sought medical care the same day. Legend Services requested that Mr. Sweetalla not file an injury report with the Division. In exchange for not filing an injury report, Legend Services kept Mr. Sweetalla on salary and paid his out-of-pocket medical expenses. Mr. Sweetalla subsequently underwent two shoulder surgeries and extensive rehabilitation, but he did not return to work. On December 28, 2015, Legend Services terminated Mr. Sweetalla's employment and told him it would no longer pay his medical expenses.

[¶4]   On February 14, 2016, Mr. Sweetalla signed and filed a Report of Injury with the Division. Approximately one week later, a claims analyst for the Division spoke with Mr. Sweetalla. The claims analyst recorded the following relevant details regarding their conversation:

> [It] was explained [to Mr. Sweetalla] that because of our statutes of limitations, an injury report must be filed within one year of the date of injury to be determined compensable. Because this claim is more than 2 years old, [Mr. Sweetalla] was told that the claim will be denied once a signed injury report is received from the ER. [Mr. Sweetalla] understands that he will need to request a hearing once he receives his denial letter.

1

Over the next couple of weeks, the Division requested additional information from Mr. Sweetalla.

[¶5]    In April 2016, the Division issued a Final Determination Regarding Compensability in reference to "Claim Number: 201601767."  In the letter, the Division informed Mr. Sweetalla that it had reviewed his injury report and did not approve payment of benefits for two reasons:

- An injury report was not filed before one year of the date the injury occurred.  Your reported injury occurred on 1/16/2014 and an injury report was not submitted until 02/16/2016.  W.S. 27-14-503(a)

- A work injury arising out of the course and scope of your employment could not be determined because the requested medical records were never received by the Division. (Wyoming Statute 27-14-102(a)(xi))

The Division made no reference to a claim for benefits or lack thereof.  Rather, the Division informed Mr. Sweetalla that he could object to the determination and request a hearing.

[¶6]    Mr. Sweetalla requested a contested case hearing and objected to the Division's final determination, stating: "My employer instructed me not to file for worker[']s compensation.  Both my employer **and** the Division are estopped from raising the delay in filing as a bar to the claim."  (Emphasis added.)

[¶7]    The Division submitted a Statement of Issues and Defenses to OAH in June 2016. Although the Division could not provide "[a] precise list of issues" because it had "very limited information," it identified several "possible issues," including, for the first time, whether Mr. Sweetalla, "in addition to the proper and timely filing of an injury report, file[d] an application or claim for benefits within one (1) year after the injury occurred, as required by W.S. § 27-14-503(a)[.]"

[¶8]    In the Disclosure Statement the Division filed on January 9, 2017, approximately two weeks before the hearing, the Division identified the following narrower issue regarding Mr. Sweetalla's failure to file a claim for benefits:

> Did the Claimant, in addition to the proper and timely filing of an injury report, file an application or claim for benefits within one (1) year after the injury occurred, as required by W.S. § 27-14-503(a)?  (According to a review of the file by the Claim[]s Analyst [], there have been no requests for benefits filed in this matter.  ([Exhibit] S-U).)

[¶9]     After the contested case hearing on January 26, 2017,[1] OAH issued its Findings of Fact, Conclusions of Law, and Order upholding the Division's final determination.  At the beginning of its analysis, OAH found:

> There is no dispute that Sweetalla failed to file a claim for benefits within one year of the date that Sweetalla's injury occurred as is required by Wyoming Statute § 27-14-503 (LexisNexis).  Sweetalla admitted he knew he had suffered a work-related injury on January 16, 2014, and that it was more than just a minor injury.  Sweetalla had surgery on his left shoulder on April 1, 2014.  As of the date of the hearing, January 26, 2017, Sweetalla had not filed a claim for benefits or an application for benefits with the Division.

[¶10]  OAH acknowledged that Mr. Sweetalla could "avoid the application of the workers' compensation statute of limitations" if he "prove[d] that equitable estoppel applies."  It then evaluated whether Mr. Sweetalla met his burden to "prove by a preponderance of the evidence: (a) Legend's statements and actions amounted to actual or legal fraud or constituted providing incorrect information to Sweetalla; (b) Sweetalla relied on Legend's fraud or incorrect information to his detriment; and (c) Sweetalla's reliance on Legend's fraud or incorrect information was justifiable and reasonable under the circumstances of the case as a whole."  OAH found that Mr. Sweetalla proved each of these requirements.  In particular, OAH found that Mr. Sweetalla "relied on [Legend Services'] fraud or incorrect information to his detriment" because, as a result of not filing a claim, he "was paid less than he was earning at the time of his injury" and "without workers' compensation coverage for his left shoulder injury, [he] lost access to potential awards for permanent partial impairment award, permanent partial disability, and permanent total disability."  After OAH determined that equitable estoppel applied, it concluded that equitable estoppel "prevent[ed] application of Wyoming Statute § 27-14-503 (LexisNexis) against Sweetalla for the period of January 16, 2014, through December 28, 2015, the day Legend terminated Sweetalla's employment, ended Legend's post-January 16, 2014 injury arrangement, and offered Sweetalla COBRA health insurance coverage."

[¶11]  OAH then considered the Division's argument that the statute of limitations still barred Mr. Sweetalla's claim because he had not yet filed a claim for benefits as of the

---

[1] Mr. Sweetalla had not filed a claim for benefits as of the hearing.  At the hearing, Mr. Sweetalla, through counsel, argued that if OAH "finds compensability, it will be up to the Division then to review any billings, any claims for temporary total disability—any other benefit claims, and determine on a case-by-case [basis] if those are compensable or not, includ[ing] but not limited to current treatment, to the extent there is any."  In contradiction of its Final Determination Regarding Compensability and direct communications with Mr. Sweetalla, the Division responded that since no final determination had been issued on any claim, those were not before OAH.

contested case hearing on January 26, 2017—nearly thirteen months after his termination. Notwithstanding its earlier determination that Mr. Sweetalla had failed to file a claim for benefits within one year of the date his injury occurred, OAH again determined that the statute of limitations set forth in Wyoming Statute § 27-14-503(a) applied, discussed how the limitations period commences when Mr. Sweetalla should "have understood the full extent and nature of his injury and that the injury was related to his employment at Legend," but then found that the statute of limitations commenced on December 28, 2015, because, on that date, Mr. Sweetalla understood: he had an injury, his "injury originated from his work activities in January 2014," *and "Legend [Services] was no longer going [to] cover his medical expenses or pay his wages.*" (Emphasis added.) OAH reasoned that, as of December 28, 2015, Mr. Sweetalla's reliance on Legend Services' conduct "was no longer reasonable and justified[.]" Because Mr. Sweetalla did not file a claim for benefits before December 29, 2016, OAH concluded that the one-year limitations period in Wyoming Statute § 27-14-503(a) barred coverage for his injury.

[¶12] Mr. Sweetalla moved to amend the order pursuant to the OAH Rules and W.R.C.P. 52(b). He asked OAH to make additional findings regarding whether equitable estoppel also applied against the Division from December 28, 2015, through January 26, 2017, because he reasonably and justifiably relied to his detriment on the Division's statements that his claims would be denied because he did not file an injury report within one year of his injury and he would need to request a hearing when he received the denial letter. He contended that the Division's affirmative statements "led him to believe that it would be futile to file any claims for workers' compensation benefits until after a hearing had been held." He further contended that "[g]iven the Division['s] request for information and final determination after [he] filed his injury report, [he] had no reason to believe there was any issue regarding his needing to file a claim for benefits within 1 year from the date of injury prior to his receiving the Division's filing its Disclosure Statement dated January 6, 2017, more than a year after he had been terminated from employment."

[¶13] OAH denied Mr. Sweetalla's motion for two reasons. It first determined that it could not "mak[e] additional findings under the OAH Rules" or W.R.C.P. 52(b) because the motion was untimely.[2] Then it addressed the merits of the motion "in the interest of economy and efficiency," and determined that equitable estoppel did not bar the Division from asserting the statute of limitations as a defense after December 28, 2015. OAH first found "[t]he evidence did not establish that the Division made any inaccurate or erroneous statements" and that it, "[a]t most, . . . did not expressly inform Sweetalla he was required to file a claim for benefits." It found "no evidence that Sweetalla reasonably and justifiably relied upon some authorized affirmative misconduct," noting that he "did not testify he believed it would be futile to file a claim for benefits," "did not testify about the reason or

---

[2] The Division has not argued this as any basis on which we should affirm OAH's order. We therefore do not address the timing of Mr. Sweetalla's motion to amend and, instead, review OAH's determination on the merits of that motion.

4

reasons he failed to file a claim for benefits," and, instead, "said the Division did not tell him he needed to file a claim for benefits." Finally, it found that Mr. Sweetalla had time "to comply with the claim requirements before the statute of limitations lapsed."

[¶14] On petition for judicial review, the district court affirmed OAH's Findings of Fact, Conclusions of Law, and Order. The district court identified the dispositive issue as whether OAH incorrectly found that Mr. Sweetalla's claims were denied because he did not file a claim for benefits within one year after Legend Services terminated his employment. The district court determined that Mr. Sweetalla's "reliance [on] *any* representation made by the Division was unreasonable" because an attorney represented him during that period. It concluded that equitable estoppel could not prevent the Division from asserting the statute of limitations as a defense, and that OAH correctly found his claims were denied under the statute of limitations contained in Wyoming Statute § 27-14-503(a).

[¶15] This appeal from the district court's order followed.

## STANDARD OF REVIEW

[¶16] When, as here, "an appeal is taken from a district court's review of an administrative agency's decision, we examine the case as if it came directly from the agency, giving no deference to the district court's decision." *Harborth v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2018 WY 99, ¶ 15, 424 P.3d 1261, 1265 (Wyo. 2018) (citations omitted).

[¶17] Wyoming Statute § 16-3-114(c) (LexisNexis 2019) governs our review:

> (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
> > (i) Compel agency action unlawfully withheld or unreasonably delayed; and
> >
> > (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

5

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

[¶18]  "[W]e review the agency's findings of fact by applying the substantial evidence standard."  *Worker's Comp. Claim of Bailey v. State ex rel. Dep't of Workforce Servs.*, 2015 WY 20, ¶ 10, 342 P.3d 1210, 1213 (Wyo. 2015).  "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Bush v. State ex rel. Workers' Comp. Div.*, 2005 WY 120, ¶ 5, 120 P.3d 176, 179 (Wyo. 2005)).  "Findings of fact are supported by substantial evidence if, from the evidence preserved in the record, we can discern a rational premise for those findings." *Id.* (quoting *Kenyon v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2011 WY 14, ¶ 11, 247 P.3d 845, 849 (Wyo. 2011)).

[¶19]  We have explained that "[i]f the hearing examiner determines that the burdened party failed to meet his burden of proof":

we will decide whether there is substantial evidence to support the agency's decision to reject the evidence offered by the burdened party by considering whether that conclusion was contrary to the overwhelming weight of the evidence in the record as a whole.  If, in the course of its decision making process, the agency disregards certain evidence and explains its reasons for doing so based upon determinations of credibility or other factors contained in the record, its decision will be sustainable under the substantial evidence test. Importantly, our review of any particular decision turns not on whether we agree with the outcome, but on whether the agency could reasonably conclude as it did, based on all the evidence before it.

*Id.* ¶ 11, 342 P.3d at 1213 (quoting *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 22, 188 P.3d 554, 561 (Wyo. 2008)).

[¶20]   Whether OAH erred when it affirmed the Division's final determination on the basis that the statute of limitations under Wyoming Statute § 27-14-503(a) barred Mr. Sweetalla's claim involves a mixed question of law and fact.  *See Aanenson v. State ex rel. Wyoming Worker's Comp. Div.*, 842 P.2d 1077, 1080 (Wyo. 1992).   OAH's factual findings pertaining to the statute of limitations are entitled to considerable deference; however, we will only affirm OAH's conclusion that Wyoming Statute § 27-14-503(a) bars Mr. Sweetalla's claim if it is in accordance with law.  *See id.*

## DISCUSSION

**OAH erred when it upheld the Division's final determination denying benefits on the basis that Mr. Sweetalla did not file a claim for benefits within the one-year statute of limitations set forth in Wyoming Statute § 27-14-503(a).**

[¶21]   The dispute in this case centers on Mr. Sweetalla's rights and responsibilities after his termination from employment.  It is undisputed that Mr. Sweetalla injured himself on January 16, 2014, Legend Services terminated his employment on December 28, 2015, and he had not filed a claim for benefits as of the contested case hearing on January 26, 2017. Mr. Sweetalla does not challenge OAH's determination that he failed to file a claim for benefits within one year of the date he injured himself on January 16, 2014, as required by Wyoming Statute § 27-14-503(a).   Nor does he challenge OAH's determination that equitable estoppel applied from January 16, 2014, through December 28, 2015, as a result of Legend Services' conduct after he injured himself.[3]

[¶22]   Mr. Sweetalla instead contends that OAH erred because equitable estoppel should have "eliminated" the statute of limitations in this case.  We have repeatedly recognized that equitable estoppel applies in workers' compensation cases;[4] and we have applied it

---

[3] Although equitable estoppel applied based on Legend Services' conduct during this time period, it barred both Legend Services and the Division from asserting the one-year statute of limitations to file a claim for benefits under Wyoming Statute § 27-14-503(a) as a defense from January 16, 2014, through December 28, 2015.  *See State ex rel. Wyoming Workers' Comp. Div. v. Barker*, 978 P.2d 1156, 1160–61 (Wyo. 1999) (quoting *Bauer v. State ex rel. Wyoming Worker's Comp. Div.*, 695 P.2d 1048, 1053 (Wyo. 1985)) (explaining that "[a]lthough the [Division] is granted rights as broad as those of the employer, there is nothing in the statute which confers greater rights or would permit the [Division] to assert defenses not available to the employer.").

[4] *See, e.g.*, *Appleby v. State, Wyo. Workers' Safety & Comp. Div.*, 2002 WY 84, ¶ 30, 47 P.3d 613, 622 (Wyo. 2002) (concluding that "the Division is equitably estopped from claiming that Appleby's request for hearing was untimely"); *Picozzi v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 2013 WY 86, ¶ 14, 304 P.3d 977, 981 (Wyo. 2013) (determining that "equitable estoppel cannot apply to prevent the application of the thirty-six month limitation" under the particular circumstances); *Mitchell v. State*

7

where either the employer or a Division representative unintentionally made misleading statements to the claimant or the claimant's representative,[5] and to prevent the employer and the Division from asserting a statute of limitations defense.[6] This case presents unique circumstances that require us to address when the application of equitable estoppel is limited.

[¶23] Contrary to Mr. Sweetalla's contention, "[e]quitable estoppel does not eliminate," much less "toll, or extend the statute of limitations." *Ferro v. Soc'y of Saint Pius X*, 143 Idaho 538, 540, 149 P.3d 813, 815 (2006) (citation omitted). Rather, equitable estoppel "bars a defendant from pleading the running of a statute of limitations[.]" 51 Am. Jur. 2d *Limitation of Actions* § 373 (Aug. 2019 Update); 100 C.J.S. *Workers' Compensation* § 863 (Jun. 2019 Update) (explaining that "[g]enerally, equitable estoppel applies to bar an employer or insurer from asserting the statute of limitations as a defense to a claim for benefits when the employer or insurer has taken some positive action which either prevents the workers' compensation claimant from filing a timely claim or leads the claimant reasonably to believe that he or she need not file a claim.").

[¶24] "That bar does not last forever[.]" *Ferro*, 143 Idaho at 540, 149 P.3d at 815. As one secondary source explains:

> The general rule appears to be that a plaintiff may not invoke the doctrine of equitable estoppel against a defendant unless the plaintiff exercises due diligence in commencing the appropriate legal proceeding after the circumstances giving rise to estoppel have ceased to be operational, that is, after plaintiff has notice, actual or constructive, that he must resort to legal recourse and may no longer rely upon agreements, promises, representations to the contrary, or conduct or deceptive practices which may have lulled him into a sense of security.

Allan E. Korpela, LL.B., Annotation, *Plaintiff's diligence as affecting his right to have defendant estopped from pleading the statute of limitations*, 44 A.L.R.3d 760 § 2[a] (Originally published in 1972); *see also Peterson v. Groves*, 111 Wash. App. 306, 314, 44 P.3d 894, 898 (2002) (citation omitted) (acknowledging that "[m]ost jurisdictions, including Washington, adhere to the rule that estoppel to plead the statute of limitations

---

*Recreation Comm'n Snowmobile Trails*, 968 P.2d 37, 41 (Wyo. 1998) (noting that "the statute of limitations is a bar to Mitchell's claim unless the doctrine of equitable estoppel prevents the employer or the Division from raising the statute of limitations as a defense"); *Bauer*, 695 P.2d at 1050 (noting that "the statute [of limitations] here has run and is a bar to this claim unless the doctrine of equitable estoppel prevents raising the statute-of-limitations defense").

[5] *Bauer*, 695 P.2d at 1053 (employer); *Appleby*, ¶ 19, 47 P.3d at 619 (Division representative).

[6] *See, e.g.*, *Barker*, 978 P.2d at 1159–61.

does not last forever, and that the plaintiff must act within a reasonable time after discovering that the promises relied on were false."). With these authorities in mind, we turn to the circumstances of Mr. Sweetalla's case.

[¶25] When Legend Services terminated Mr. Sweetalla's employment, "the circumstances giving rise to estoppel [based on Legend Services' conduct] ceased to be operational" and Mr. Sweetalla was required to "commenc[e] the appropriate legal proceeding" within a reasonable time.[7] *See* Allan E. Korpela, LL.B., Annotation, *Plaintiff's diligence as affecting his right to have defendant estopped from pleading the statute of limitations*, 44 A.L.R.3d 760 § 2[a] (Originally published in 1972). Arguably, Mr. Sweetalla did so when he filed his injury report because filing that report triggered the Division's issuance of the final determination, which, in turn, led to his request for a contested case hearing. However, even if Mr. Sweetalla had to file a claim for benefits within a reasonable time, we conclude that the Division's conduct and actions in response to the filing of Mr. Sweetalla's injury report independently estop the Division from asserting the statute of limitations as a defense.

[¶26] "For equitable estoppel to apply, the appellant must show that he relied, to his detriment, upon some action of the Division." *Schwab v. JTL Grp., Inc.*, 2013 WY 138, ¶ 15, 312 P.3d 790, 795 (Wyo. 2013) (quoting *Picozzi*, *supra* note 4, at ¶ 13, 304 P.3d at 981). "However, '[t]here can be no estoppel as a matter of law when the asserted reliance is not justifiable or reasonable under the circumstances of the case considered as a whole.'" *Id.* (quoting *Broderick v. Dairyland Ins. Co.*, 2012 WY 22, ¶ 20, 270 P.3d 684, 692 (Wyo. 2012)).

[¶27] In *Appleby*, we determined that equitable estoppel applied where the claimant was unfamiliar with the process to obtain workers' compensation benefits; the claimant's husband spoke with a claims analyst, who mistakenly told him that it was too late to appeal the final determination; and the claimant relied on this information to her detriment and did not file an appeal before the deadline. *Appleby*, *supra* note 4, at ¶¶ 5–6, 19–30, 47 P.3d at 616, 619–23.

[¶28] In *Picozzi*, we distinguished *Appleby* and concluded that equitable estoppel did not apply where Mr. Picozzi "repeatedly requested a list of doctors from his claims analyst because he believed that he was required to visit only doctors to whom" the Division

---

[7] Some courts place the burden on the plaintiff to prove that he filed the action within a reasonable time, while others place the burden on the defendant to plead laches as an affirmative defense. *See generally* Allan E. Korpela, LL.B., Annotation, *Plaintiff's diligence as affecting his right to have defendant estopped from pleading the statute of limitations*, 44 A.L.R. 3d 760 (Originally published in 1972); *see also Simcuski v. Saeli*, 44 N.Y.2d 442, 450–51, 377 N.E.2d 713, 717 (1978) (outlining "two approaches" courts have taken when "the conduct relied on ceases to be operational after the expiration of the period of limitations"). We need not resolve which party bears the burden with respect to the "reasonable time" requirement because we resolve this issue on equitable estoppel grounds.

referred him and, by the time the Division provided him a list, the applicable statute of limitations had nearly expired. *Picozzi*, ¶¶ 12–14, 304 P.3d at 981. Although Mr. Picozzi, like Ms. Appleby, was "unfamiliar with the process to obtain benefits," that was not the deciding factor. *Id.* Rather, we determined that Mr. Picozzi could not establish "that he relied, to his detriment, upon some action of the Division" because he incorrectly assumed, based on communications with his claims analyst, that he needed Division approval to see doctors other than those to whom the Division sent him. *Id.* ¶¶ 13–14, 304 P.3d at 981. The Division, however, never sent Mr. Picozzi to a doctor for treatment, it sent him to doctors for independent medical examinations. *Id.* ¶ 14, 304 P.3d at 981. Mr. Picozzi knew this, and that the doctors who performed the independent medical examinations could not provide him treatment. *Id.*

[¶29] The circumstances in this case are more analogous to *Appleby*—where equitable estoppel applied because the Division's representative unintentionally provided misleading information to the claimant and the claimant reasonably relied on it—than *Picozzi*—where equitable estoppel could not apply because the Division provided the claimant no misleading information on which he could have reasonably relied. *See Appleby*, ¶¶ 19–30, 47 P.3d at 619–23; *cf. Picozzi*, ¶¶ 12–14, 304 P.3d at 981.

[¶30] Here, the record reflects that the Division affirmatively and repeatedly conflated the injury reporting requirements with the claim requirements, and the Final Determination Regarding Compensability suggested that he had filed a claim when he had not. The Division then instructed Mr. Sweetalla that he could initiate a contested case proceeding before OAH if he disagreed with its denial of benefits. It was only after Mr. Sweetalla requested a hearing that the Division asserted, vaguely and then more precisely, that Mr. Sweetalla's request for benefits should be denied because he failed to timely file a claim for benefits.

[¶31] After he filed his injury report, a claims analyst informed Mr. Sweetalla "that because of our statutes of limitations, an injury report must be filed within one year of the date of injury to be determined compensable" and "[b]ecause this claim is more than 2 years old . . . the claim will be denied once a signed injury report is received from the ER." This statement unintentionally, but clearly, confused the statute of limitations to file a claim for benefits with the statute of limitations to file an injury report, and comingled important distinctions. *Compare* Wyo. Stat. Ann. § 27-14-503(a) (claim for benefits), *and* Wyo. Stat. Ann. § 27-14-502(a) (injury report).

[¶32] The Division then issued its April 2016 final determination letter in reference to "Claim Number: 201601767" and informed Mr. Sweetalla that his injury was not compensable because he did not file his injury report within one year of his injury, as required by Wyoming Statute § 27-14-503(a), once again confusing the two statutes of limitations and also suggesting that he had filed any necessary claim by referring to a claim number. The Division's reference to a claim in the final determination letter was not a

10

fluke. The response form that the Division provided to Mr. Sweetalla so that he could request a hearing if he desired to do so referred to the same claim number. The Division's subsequent Notice of Referral for Hearing not only referred to the claim number, it noted that "[t]he above named claim is hereby referred to [OAH][.]"

[¶33] In its brief to the district court, the Division conceded that its denial of compensability because the injury report was not filed within a year of the date of injury "was an error," explaining that "[t]he claim should have been denied for failure to file a claim for benefits within one (1) year from the date of injury." The Division contended that its June 23, 2016, Statement of Issues and Defenses remedied the error, presumably because that filing identified Mr. Sweetalla's failure to file a claim within one year as a "possible issue" before OAH.

[¶34] Mr. Sweetalla sufficiently demonstrated on the record "that he relied, to his detriment" on the Division's incorrect and misleading communications. *Schwab*, ¶ 15, 312 P.3d at 795. After he received the final determination letter in reference to "Claim Number: 201601767," Mr. Sweetalla timely requested a contested case hearing and objected to the final determination, as the Division told him he could. In direct response to the Division's reasons for denying benefits, Mr. Sweetalla asserted that both his employer and the Division were estopped from raising the statute of limitations as a defense. Mr. Sweetalla's reliance on the Division's conduct was detrimental for many of the same reasons OAH found his reliance on Legend Services' conduct detrimental.

[¶35] Mr. Sweetalla's reliance was justifiable and reasonable "under the circumstances of the case considered as a whole." *Id.* Shortly after his termination from employment and the end of any justifiable reliance on Legend Services' conduct, Mr. Sweetalla filed an injury report with the Division and pursued his right to request a contested case hearing based on the status of his filing and appeal rights as characterized by the Division. To the extent the Division tried to correct its mischaracterization in the context of its Statement of Issues and Defenses and Disclosure Statement filed with OAH, that effort was too little, too late. The Division had already trapped Mr. Sweetalla in an indefensible position.

[¶36] It was reasonable for Mr. Sweetalla to rely on those reasons the Division identified for denying his request for benefits in its Final Determination Regarding Compensability as he moved forward toward hearing, because it was the Division who repeatedly confused an injury report with a claim for benefits, and offered very specific reasons for denying benefits (none of which included failure to file a claim for benefits). Under these circumstances, the Division was obligated to clearly and timely communicate to Mr. Sweetalla that his failure to file a claim for benefits could operate as a separate reason for a denial of benefits. It was patently unfair for the Division to spring that failure on Mr. Sweetalla as it did in contested case proceedings.

11

[¶37] Even if Mr. Sweetalla had filed a claim for benefits after the Division filed its Statement of Issues and Defenses or its Disclosure Statement with OAH, there was no indication that doing so would have changed the Division's reasons for denying benefits or OAH's consideration of equitable estoppel. Not until after OAH erroneously concluded that the statute of limitations to file a claim for benefits expired in December 2016, did it become apparent that filing a claim for benefits might not have been futile after all.[8]

[¶38] OAH disregarded these facts and circumstances without explanation, instead erroneously finding that "[t]he evidence did not establish that the Division made any inaccurate or erroneous statements," finding that the Division, "[a]t most, . . . did not expressly inform Sweetalla that he was required to file a claim for benefits," and concluding, contrary to the overwhelming weight of evidence, that Mr. Sweetalla did not reasonably and justifiably rely on the Division's conduct. On the record as a whole, OAH could not reasonably conclude that Mr. Sweetalla did not meet his burden to establish that equitable estoppel barred the Division from asserting the statute of limitations as a defense. *See Bailey*, ¶ 11, 342 P.3d at 1213; *Schwab*, ¶ 15, 312 P.3d at 795. It follows that OAH's conclusion that Wyoming Statute § 27-14-503(a) bars Mr. Sweetalla's claim is not in accordance with law. *See Aanenson*, 842 P.2d at 1080.

## *CONCLUSION*

[¶39] OAH erred when it concluded that equitable estoppel did not bar the Division from asserting the one-year statute of limitations to file a claim for benefits under Wyoming Statute § 27-14-503(a) as a defense. Because the Division is estopped from asserting the statute of limitations as a defense, we reverse the district court's order and remand this case to the district court with directions to vacate OAH's Findings of Fact, Conclusions of Law,

---

[8] OAH's conclusion that equitable estoppel did not bar the Division from asserting the statute of limitations as a defense because Mr. Sweetalla had time "to comply with the claim requirements before the statute of limitations lapsed" highlights another problem with OAH's Findings of Fact, Conclusions of Law, and Order upholding the Division's final determination: OAH concluded that the statute of limitations to file a claim under Wyoming Statute § 27-14-503(a) commenced on December 28, 2015, and expired on December 29, 2016, despite its earlier determination that the same statute of limitations commenced when Mr. Sweetalla injured himself on January 16, 2014. It is difficult to understand why OAH started the statute of limitations a second time when it found that Mr. Sweetalla "admitted he knew he had suffered a [single] work-related injury on January 16, 2014, and that it was more than just a minor injury."

Though the Division acknowledges that Wyoming Statute § 27-14-503(a) "contains no provision for tolling" it nevertheless suggests that OAH properly "tolled" the statute of limitations until December 28, 2015. This suggestion is neither supported by the record, nor the law. "Equitable estoppel" and "equitable tolling" are different doctrines. *See Bomba v. W. L. Belvidere, Inc.*, 579 F.2d 1067, 1070 (7th Cir. 1978). Equitable estoppel "bars" a party or parties from asserting the statute of limitations as a defense; equitable tolling "interrupts" the limitations period. 51 Am. Jur. 2d *Limitation of Actions* § 373 (Aug. 2019 Update); 51 Am. Jur. 2d *Limitation of Actions* § 157 (Aug. 2019 Update). In finding that Mr. Sweetalla sufficiently proved the requirements of equitable estoppel with respect to Legend Services' conduct, OAH clearly applied that doctrine.

12

and Order upholding the Division's Final Determination Regarding Compensability. The district court is to further remand the case to OAH for proceedings consistent with this opinion.